**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jimmy Jenkins<br>individually<br>and on behalf of all persons<br>similarly situated<br>as class representative under<br>Illinois Wage Laws and/or as<br>Collective representative<br>of the Collective as permitted<br>under the Fair Labor Standards Act,<br><br>      **Plaintiff,**<br><br>  v.<br><br>White Castle Management Company,<br>D/B/A White Castle System Inc.,<br><br>      **Defendant.** | Civil Action No. 12 CV 07273<br><br>Judge Gottschall |

**RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Defendant White Castle

Management Company, d/b/a White Castle System Inc. ( "Defendant") hereby submits its

responses to Plaintiff Jimmy Jenkins' ("Plaintiff's") First Set of Requests for Production of

Documents.

**PRELIMINARY STATEMENT**

1.      Although Defendant has conducted a reasonable search and diligent inquiry to

comply with Plaintiff's discovery requests, Defendant anticipates that, in the course of further

investigation and discovery, additional information or documents may be obtained and/or

discovered that might affect the responses provided herein and the production of documents and

information pursuant to these responses. Therefore, the following responses to Plaintiff's

discovery requests are without prejudice to, and with the express reservation of, Defendant's right to introduce documents or information discovered or deemed responsive up to and through the date of trial, if such a trial occurs. However, Defendant undertakes no duty to supplement these responses, except as expressly set forth below or as required by the Federal Rules of Civil Procedure. Defendant has responded to Plaintiff's discovery requests based on their interpretation of each request. If Plaintiff subsequently asserts an interpretation that differs from Defendant's, Defendant reserves the right to supplement his objections and/or responses.

2.      Any statement that Defendant will produce any documents in response to any request does not constitute a representation that Defendant possesses any such documents, or that such documents exist at all.

3.      Any statement that Defendant will respond to any request does not constitute an admission by Defendant that they agree with the characterization or definition contained in such request. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied by these responses. The fact that Defendant has responded to a request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed.

4.      All responses must be construed as given on the basis of presently available information.

5.      Defendant also provides these responses without waiving their right to: (i) object to the admissibility in evidence of these responses and documents produced by Defendant; (ii) object to further discovery relating to subject matters encompassed within the requests; (iii) supplement their objections in the event additional pretrial preparation results in the discovery of additional grounds for such objections; or (iv) revise, add to, clarify or correct their responses.

## **GENERAL OBJECTIONS**

1.      Defendant objects to Plaintiff's Requests for Production of Documents for the reasons listed below.  Defendant will not necessarily restate these General Objections in their individual objections and responses to the requests.  Defendant incorporates all of these General Objections into each of its individual objections and responses, and provide their specific objections and responses without prejudice to these General Objections.

2.      Defendant objects to Plaintiff's Instructions, Definitions, and Requests for Production of Documents to the extent they seek to impose duties upon Defendant beyond those imposed by the Federal Rules of Civil Procedure or this Court's Local Rules.  In addition, Defendant objects to the definitions or instructions to the extent they are ambiguous or subject to multiple interpretations depending on the context in which they are used and objects to each Request to the extent that the requested documents or information, or categories of documents or information, are not described with reasonable particularity.

3.      Defendant objects to the discovery requests to the extent they are unduly burdensome, unlimited in time, and purport to seek "all" documents or information as being overly broad or unduly burdensome.  Defendant also objects to each request to the extent that the burden and expense of any requested discovery outweighs its likely benefit.  For each response, Defendant will produce documents dated up through the original filing of this action, unless specified otherwise in Defendant's response.  Defendant will also identify custodians likely to have responsive information and conduct a reasonable inquiry of such custodians for responsive records.

4.      Defendant objects to Plaintiff's Request for Production of Documents on the ground that Plaintiff's definition of "the Company" and "you" is vague and not likely to lead to

the production of admissible evidence to the extent it would require production of documents and information related to "the defendant Quick Test and its officers, attorneys, employees, agents, contractors, subsidiaries or allied business organizations or ventures." Defendant assumes that Plaintiff's requests are directed to it and will respond accordingly.

5. Defendant objects to Plaintiff's Requests for Production of Documents to the extent that they seek documents related to current or former employees who are not parties to this action.

6. Defendant objects to Plaintiff's Requests for Production of Documents to the extent that they seeks information that is not within Defendant's knowledge, possession, custody, or control.

7. Defendant objects to Plaintiff's Requests for Production of Documents to the extent that they may be construed as seeking information protected by the attorney-client privilege, the attorney work product doctrine and/or any other privilege recognized under Illinois law. Defendant will not provide any information that they contend is protected under any such privilege or doctrine. Moreover, Defendant generally objects to each request to the extent that it seeks confidential and privileged communications between attorney and client created in anticipation of or during the pendency of this action, including but not limited to communications between attorney and client regarding the requests. Defendant deems such privileged communications not intended to be within the scope of the requests. Additionally, the fact that Defendant has asserted any of these privileges in response to specific requests does not constitute a waiver where the privilege is not specifically asserted.

8. Defendant objects to the requests to the extent that they seek electronically stored information ("ESI") that would require retrieval of ESI that is inaccessible and/or unduly

burdensome for Defendant to produce due to, among other reasons, the voluminous nature of the data to be retrieved, the cost(s) of production, the amount of hours associated with the search and retrieval of ESI from individual files, and the minimal, if any, relevance or probative value of the ESI to be produced.

9.      Defendant's specific objections to each Request for Production of Documents are in addition to the general objections set forth in this section.  These general objections form a part of the response to each and every discovery request and are set forth here to avoid duplication.  The absence of a reference to a general objection in each response is not a waiver of any general objection with respect to that request.  All responses are made subject to Defendant's general and specific objections.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Any and all documents which reflect all efforts made by the defendant to comply with the minimum wage laws of Illinois and FLSA, overtime wage laws of Illinois and FLSA.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this request is vague, overly broad, and unduly burdensome to the extent that it seeks "any and all documents which reflect all efforts made by the defendant to comply with the minimum wage laws of Illinois and FLSA, overtime wage laws of Illinois and FLSA."  Subject to and without waiving its objections, Defendant states that it will produce its Handbook and employment-related policies applicable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:** A copy of the video tape and audio tape recording made recording the meeting of the Plaintiff with members of Defendant Management which led to Plaintiff being given a five day suspension.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Subject to and without waiving its objections, Defendant states that no documents or things responsive to this request exist.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents which reflect the organizational and management structure of the defendant, including the name of each and every person holding supervisory and management level positions and the responsibilities of each of these individuals/positions in the supervision and/or management of the defendant.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this request is vague, overly broad and unduly burdensome to the extent that it seeks "[a]ny and all documents which reflect the organizational and management structure of the defendant." Subject to and without waiving its objections, Defendant states that it will produce job descriptions for each position at the Dolton, Illinois restaurant.

**REQUEST FOR PRODUCTION NO. 4:** Any and all emails, memos, correspondence or other communications from any DEFENDANT agent to any DEFENDANT agent that discusses, touches on, mentions or regards these topics:

a.     Drawer Shortages;

b.     "Rolling";

c.     Overtime;

d.     Off-the-clock work;

e.     Working after scheduled hours.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects to this request as it is vague, overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence to the extent it requests "[a]ny and all emails, memos, correspondence or other communications from any DEFENDANT agent to any DEFENDANT agent" regarding the identified topics, without limitation. Subject to and without waiving its objections, Defendant states that it will produce correspondence between Plaintiff's managers and supervisors, located through a reasonable search, that pertain to Plaintiff and relate to drawer shortage, rolling, overtime, off-the-clock work, and/or working after scheduled hours.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents which reflect the specific job duties of each named plaintiff, and all opt-ins plaintiffs and hourly Employees.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this request is vague, overly broad and unduly burdensome to the extent that it seeks "[a]ny and all documents which reflect the specific job duties of…all…hourly Employees." Subject to and without waiving its objections, Defendant states that it will produce job descriptions for the Team Member and Crew Manager positions.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents which reflect the name and/or job title the employees employed in each location where plaintiffs and opt-in plaintiffs worked/works during their employment with the defendant.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this Request is vague, overly broad, unduly burdensome, premature, and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ny and all documents which reflect the name and/or job title [of] the employees employed in each location where plaintiffs…worked/works."

**REQUEST FOR PRODUCTION NO. 7:**  Any and all documents which demonstrate off-the-clock work or rolling of hours or compelled payments by any employee at any time.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence as it requests "any and all documents which demonstrate off-the-clock work or rolling of hours or compelled payments by any employee at any time."  Without waiving its objections, Defendant denies that Plaintiff worked off-the-clock, that his hours were "rolled" or that he was unlawfully compelled to make any payments, and that therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents listing Defendant's retail locations in Illinois, addresses, telephone numbers, email addresses or other contact information.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad and unduly burdensome to the extent that it seeks "[a]ny and all documents listing Defendant's retail locations in Illinois, addresses, telephone numbers, email addresses or other contact information."  Further responding, Defendant states that the address and telephone number of its Dolton Restaurant is 1400 E. Sibley Boulevard, Dolton, Illinois 60419 and the addresses and telephone numbers of other Illinois restaurants are available at http://www.whitecastle.com/locations/all.

**REQUEST FOR PRODUCTION NO. 9:**  All documents listing DEFENDANT employees by name, including documents listing employees addresses phone numbers, email addresses, and work locations (limited to Dolton Location).

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad,

unduly burdensome, premature, and seeks information that is not relevant to the subject matter of

this litigation or reasonably calculated to lead to the discovery of admissible evidence as it seeks

"[a]ll documents listing DEFENDANT employees by name, including documents listing

employees addresses phone numbers, email addresses, and work locations (limited to Dolton

Location)."

**REQUEST FOR PRODUCTION NO. 10:**  All documents listing Defendant's FORMER
employees by name, including documents listing employees addresses, phone numbers, email
addresses, and work locations for the last 5 years prior to filing of the complaint. (limited to
Dolton Location).

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein.  Defendant further objects to this Request as vague, overly broad,

unduly burdensome, premature, and seeks information that is not relevant to the subject matter of

this litigation or reasonably calculated to lead to the discovery of admissible evidence as it seeks

"[a]ll documents listing Defendant's FORMER employees by name, including documents listing

employees addresses, phone numbers, email addresses, and work locations for the last 5 years

prior to filing of the complaint. (limited to Dolton Location)."

**REQUEST FOR PRODUCTION NO. 11:**  Any and all Policies and Procedure manuals,
handbooks and other written documentation of the Defendant's policies regarding work duties,
work hours, schedules, off the clock work, discipline and termination, drawer shortages, work
assignments and FLSA record keeping.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein.  Further, Defendant objects that this request is vague, overly broad,

unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence to the extent it requests "any and all Policies and

Procedure manuals, handbooks and other written documentation of the Defendant's policies

regarding work duties, work hours, schedules, off the clock work, discipline and termination,

drawer shortages, work assignments and FLSA record keeping."  Subject to and without

waiving its objections, Defendant states that it will produce its Handbook and employment-

related policies applicable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**  All discipline and/or terminations issued to any
Dolton employees for the following:

      a.      working off-the-clock,
      b.      not fulfilling work duties in time 'allowed';
      c.      drawer shortages;
      d.      working overtime;
      e.      excess overtime;
      f.      excess labor budgets;
      g.      over budgeted amount of work hours or overtime hours;
      h.      rolling of employee work time
      i.      any other reason not listed above.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein.  Defendant further objects that this Request is overly broad, unduly

burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence to the extent that it requests all discipline and

or/terminations issued to any Dolton employee.  Subject to and without waiving its objections,

Defendant states that it will produce copies of all written discipline issued to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents which reflect the
organizational structure of the work force for Dolton location.

**RESPONSE:**   Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein.  Further, Defendant objects that the request is vague, overly broad

and unduly burdensome to the extent that it seeks "[a]ny and all documents which reflect the

organizational structure of the work force for Dolton location."  Subject to and without waiving

its objections, Defendant will produce a job description for the Team Member, Crew Manager,

Assistant General Manager, and General Manager positions at the Dolton, Illinois restaurant.

**REQUEST FOR PRODUCTION NO. 14:**  Any and all documents which  reflect  the actual hours all employees at the Dolton location worked for each week employed for the last three years.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this request is vague, overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ny and all documents which  reflect  the actual hours all employees at the Dolton location worked for each week employed for the last three years."  Subject to and without waiving its objections, Defendant will produce documents reflecting Plaintiff's work hours during the last three years.

**REQUEST FOR PRODUCTION NO. 15:**  Any and all documents which reflect the actual number of hours the plaintiffs and all opt-in worked while employed as Employees for the defendant.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this request is vague, overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ny and all documents which reflect the actual number of hours the plaintiffs and all opt-in worked while employed as Employees for the defendant."  Subject to and without waiving its objections, Defendant will produce documents reflecting Plaintiff's work hours during the last three years.

**REQUEST FOR PRODUCTION NO. 16:**  Any and all notes, e-mails, memorandums or any other writing that was prepared by the defendant and sent to its various locations that concern, touch on and/or directly discuss the Plaintiff's claims or Defendant's defenses.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad, unduly burdensome and seeks documents protected by the attorney-client privilege and/or the

attorney work product doctrines to the extent that it seeks "[a]ny and all notes, e-mails, memorandums or any other writing that was prepared by the defendant and sent to its various locations that concern, touch on and/or directly discuss the Plaintiff's claims or Defendant's defenses." Subject to and without waiving its objections, Defendant states that it will produce non-privileged notes, e-mails, memorandums or other writings, prepared by Plaintiff's supervisors or managers prior to the filing of the complaint, that address or concern claims by Plaintiff that he was not fully compensated for all hours worked and/or unlawfully compelled to make certain payments.

**REQUEST FOR PRODUCTION NO. 17:** All documents which demonstrate Plaintiffs' work hours including emails, phone records and other documents which, regardless of their content, show work activity of the Plaintiff.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this Request is vague, overly broad, and unduly burdensome to the extent that it seeks "[a]ll documents which demonstrate Plaintiffs' work hours including emails, phone records and other documents which, regardless of their content, show work activity of the Plaintiff." Subject to and without waiving its objections, Defendant states that it will produce Plaintiff's time records during the last three years.

**REQUEST FOR PRODUCTION NO. 18:** All documents which demonstrate work time of other employees of Defendant or work hours including emails, phone records and other documents which, regardless of their content, show work activity of the employees for the prior two years.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this Request is vague, overly broad, and unduly burdensome and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents…which, regardless of their content, show work activity of the employees

for the prior two years." Subject to and without waiving its objections, Defendant states that it

will produce Plaintiff's time records during the last three years.

**REQUEST FOR PRODUCTION NO. 19:** All documents which demonstrate Plaintiffs' and
non-Plaintiffs work hours including any communication at any time regardless of the information
contained in the communication; rather request seeks to show work being performed and/or
benefits being received by Defendant.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein. Further, Defendant objects that this Request is vague, overly broad,

and unduly burdensome and seeks information that is not relevant to the subject matter of this

litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent it

seeks "[a]ll documents which demonstrate Plaintiffs' and non-Plaintiffs work hours including

any communication at any time regardless of the information contained in the

communication . . . ." Subject to and without waiving its objections, Defendant states that it will

produce Plaintiff's time records during the last three years.

**REQUEST FOR PRODUCTION NO. 20:** All time records including computer records, punch
cards, or any other indication of work hours for Plaintiffs' and all employees at the Dolton
location for the prior three years.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as

though fully set forth herein. Further, Defendant objects that this Request is vague, overly broad,

and unduly burdensome and seeks information that is not relevant to the subject matter of this

litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent it

seeks "[a]ll time records including computer records, punch cards, or any other indication of

work hours for Plaintiffs' and all employees at the Dolton location for the prior three years."

Subject to and without waiving its objections, Defendant states that it will produce Plaintiff's

time records during the last three years.

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents and data relevant to or identified in your answers to interrogatories or which support, or are relevant to, each contention, answer or response you gave to such interrogatories, including, but not limited to, the basis for such contention, answer or response.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this request is vague and ambiguous to the extent that it seeks documents and data "relevant to . . . your answers to interrogatories or which support, or are relevant to, each contention, answer or response you gave to such interrogatories." Subject to and without waiving its objections, Defendant will produce documents as stated in its responses and objections to Plaintiff's interrogatories.

**REQUEST FOR PRODUCTION NO. 22:** Any and all instructions, manuals, or brochures for all time recording and time payment systems of the Defendant.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects to this Request on the grounds that it is unduly burdensome, overly broad and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ny and all instructions, manuals, or brochures for all time recording and time payment systems of the Defendant." Subject to and without waiving its objections, Defendant will produce manuals for its point of sale, Team Member Compensation (TMC), and Infor systems.

**REQUEST FOR PRODUCTION NO. 23:** All contracts for services for payment of work time to employees: i.e., contracts which provide third party payroll services to Defendant.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects to this Request on the grounds that it is overly broad and seeks information that is not relevant to the subject matter of this litigation or

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendant states that no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 24:** All documents which the Defendants contend support or do not support any defenses.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it requests documents protected by the attorney-client privilege and/or the attorney work product doctrines. Subject to and without waiving its objections, Defendant states that it will produce documents that it may use to support its defenses in this case. Defendant further states that its investigation into the allegations in the Complaint is ongoing, and it reserves the right to produce additional documents as discovery progresses.

**REQUEST FOR PRODUCTION NO. 25:** Any employee handbooks, brochures, pamphlets and/or other written materials relevant to employment with Defendant relating to compliance with FLSA and/or payment under the regulations of FLSA.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this request is vague, overly broad, and unduly burdensome to the extent that it seeks "[a]ny employee handbooks, brochures, pamphlets and/or other written materials relevant to employment with Defendant relating to compliance with FLSA and/or payment under the regulations of FLSA." Subject to and without waiving its objections, Defendant states that it will produce its Handbook and employment-related policies applicable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 26:**  Any notices of termination to any employees for any reason for the last two years at Dolton location.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Further, Defendant objects to this Request on the grounds that it is unduly burdensome, overly broad and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**  All documents relating to claims brought for failure to pay wages, including with the IDOL and US DOL and State and Federal court for the last 5 years at any location.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Defendant states that within the last five years it has not been subject to claims related to an alleged failure to pay wages and that therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 28:**  All documents relating to settled wage claims in pre-litigation.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, overly broad, unduly burdensome and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Defendant states that it has not previously settled a wage claim pre-litigation and that therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 29:** All documents which demonstrate the work hours at Dolton location.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this Request is vague, overly broad, and unduly burdensome and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents which demonstrate the work hours at Dolton location." Subject to and without waiving its objections, Defendant states that it will produce Plaintiff's time records during the last three years.

**REQUEST FOR PRODUCTION NO. 30:** Any and all documents which demonstrate the following:

    a.    The Defendant has a policy of requiring employees to pay drawer shortages;

    b.    Defendant has a policy and practice of requiring employees to not work beyond 40 hours.

    c.    Defendant has a policy and procedure for "rolling" of hours.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Subject to and without waiving its general objections, Defendant states that it does not have a policy of requiring employees to pay drawer shortages, a policy requiring employees not to work beyond 40 hours, or a policy or procedure for "rolling" hours and that therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 31:** Please provide any former policies and procedures related to overtime, drawer shortages, off the clock work, (a former policies and procedures is a policy which was once used by Defendant, but no longer is used by Defendant).

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this request is vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "any former policies and

procedures related to overtime, drawer shortages, off the clock work." Subject to and without waiving its objections, Defendant states that it will produce former employment-related policies and procedures that were previously applicable to Plaintiff and located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:** All documents showing the wage rates for Defendant employees at the Dolton Location at all times of their employment.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this request is vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ll documents showing the wage rates for Defendant employees at the Dolton Location at all times of their employment." Subject to and without waiving its objections, Defendant states that it will produce documents showing Plaintiff's wage rates during the last three years.

**REQUEST FOR PRODUCTION NO. 33:** Please produce the personnel file for the following employees:

    a.      Plaintiff
    b.      All employees at the Plaintiffs' location
    c.      All employees at the Plaintiffs work location for the last two years
    d.      All employees disciplined for working overtime in Dolton
    e.      All employees disciplined for working beyond their scheduled hours in Dolton
    f.      All employees disciplined for drawer shortages in Illinois
    g.      All employees disciplined for rolling of hours.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this Request is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks

the personnel files of employees other than Plaintiff. Subject to and without waiving its general and/or specific objections, Defendant will produce Plaintiff's personnel file.

**REQUEST FOR PRODUCTION NO. 34:** Any and all documents in any way relating substantive allegations contained in Plaintiffs Complaint, Defendant Answer, and Defendant Defenses.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant objects that this request is vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks "[a]ny and all documents in any way relating substantive allegations contained in Plaintiffs Complaint, Defendant Answer, and Defendant Defenses." Defendant further objects to the extent that this request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrines. Subject to and without waiving its objections, Defendant states that it will produce documents that it may use to support its defenses in this case. Defendant further states that its investigation into the allegations in the Complaint is ongoing, and it reserves the right to produce additional documents as discovery progresses.

**REQUEST FOR PRODUCTION NO. 35:** All instructions, directions, orders, or procedures for drawer shortages.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this request is vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ll instructions, directions, orders, or procedures for drawer shortages." Subject to and without waiving its objections, Defendant states that it will produce the employee handbook and relevant cash handling policies applicable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 36:**  All communications from any employee questioning, disputing, objecting or otherwise protesting the payments for drawer shortages.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Further, Defendant objects to that this request is vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ll communications from any employee questioning, disputing, objecting or otherwise protesting the payments for drawer shortages."  Subject to and without waiving its objections, Defendant will produce any communication from Plaintiff purporting to question, dispute, object to, or otherwise protest an alleged payment related to a drawer shortage.

**REQUEST FOR PRODUCTION NO. 37:**  Produce the Plaintiffs schedule for the last three years.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Further, Defendant objects that this Request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests schedules for persons other than Plaintiff.  Subject to and without waiving its objections, Defendant states that it will produce Plaintiff's schedules during the last three years.

**REQUEST FOR PRODUCTION NO. 38:**  Produce the schedule of all the managers at the Plaintiffs current work location and Dolton for the last three years.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents relating to Plaintiff's work schedule for the last two years, including all email communications, all draft schedules, all requests by Plaintiff or orders to Plaintiff relating to the schedule.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this Request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests schedules for employees other than the Plaintiff. Subject to and without waiving its objections, Defendant states that it will produce Plaintiff's schedules during the last three years.

**REQUEST FOR PRODUCTION NO. 40:** All policy and procedures, handbooks, and orders relating to the scheduling of employees.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Further, Defendant objects that this request is vague, overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "[a]ll policy and procedures, handbooks, and orders relating to the scheduling of employees." Subject to and without waiving its objections, Defendant states that it will produce scheduling-related policies, procedures, handbooks or orders applicable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 41:** Produce a computer-readable date file containing the names, addresses, Social Security number and telephone numbers of all such potential opt-in plaintiffs so that notice may be implemented.

**RESPONSE:** Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein. Defendant further objects that this Request is overly broad, unduly burdensome and premature.

**REQUEST FOR PRODUCTION NO. 42:**  Any and all other documents in the possession of Defendants that pertain to this legal action and that are not described above.

**RESPONSE:**  Defendant incorporates its General Objections to all Requests for Production as though fully set forth herein.  Defendant further objects that this Request is vague, ambiguous, overly broad and unduly burdensome.  Subject to and without waiving its objections, Defendant states that it will produce documents that it may use to support its defenses in this case.

Defendant further states that its investigation into the allegations in the Complaint is ongoing, and it reserves the right to produce additional documents as discovery progresses.


Dated: April 15, 2013                                    Respectfully submitted,


                                                         s/ E. Michael Rossman
                                                         E. Michael Rossman (admitted *pro hac vice*)
                                                         emrossman@JonesDay.com
                                                         JONES DAY
                                                         325 John H. McConnell Boulevard, Suite 600
                                                         P.O. Box 165017
                                                         Columbus, OH  43216.5017
                                                         Telephone:     +1.614.469.3939
                                                         Facsimile:     +1.614.461.4198

                                                         David L. Culberg (6299578)
                                                         dculberg@JonesDay.com
                                                         JONES DAY
                                                         77 West Wacker
                                                         Chicago, IL  60601-1692
                                                         Telephone:     +1.312.782.3939
                                                         Facsimile:     +1.312.782.8585

                                                         Attorneys for Defendant
                                                         White Castle System, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2013, I mailed via U.S. Mail the foregoing Defendant's

Answers to Plaintiffs' First Set of Requests for Production of Documents

John C. Ireland
THE LAW OFFICE OF JOHN C. IRELAND
1921 Charles Lane
Aurora, Illinois 60505


s/ E. Michael Rossman
One of the Attorneys for Defendant