# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Jimmy Jenkins**<br>**individually**<br>**and on behalf of all persons**<br>**similarly situated**<br>**as class representative under**<br>**Illinois Wage Laws and/or as**<br>**Collective representative**<br>**of the Collective as permitted**<br>**under the Fair Labor Standards Act,** | **Civil Action No. 12 CV 07273**<br><br>**Judge Gottschall** |
| **Plaintiff,** | |
| **v.** | |
| **White Castle Management Company,**<br>**D/B/A White Castle System Inc.,** | |
| **Defendant.** | |

## RESPONSES TO PLAINTIFFS' FIRST SET OF
## INTERROGATORIES TO DEFENDANT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant White Castle Management Company, d/b/a White Castle System Inc. ( "Defendant") hereby submits its responses to Plaintiff Jimmy Jenkins' ("Plaintiff's"), individually and on behalf of all persons similarly situated as class representative under Illinois Wage Laws and/or as Collective representative of the Collective as permitted under the Fair Labor Standards Act, First Set of Interrogatories.

## PRELIMINARY STATEMENT

1.      Although Defendant has conducted a reasonable search and diligent inquiry to comply with Plaintiff's discovery requests, Defendant anticipates that, in the course of further investigation and discovery, additional information may be obtained and/or discovered that might affect the responses provided herein and the production information pursuant to these

responses. Therefore, the following responses to Plaintiff's discovery requests are without prejudice to, and with the express reservation of, Defendant's right to introduce information discovered or deemed responsive up to and through the date of trial, if such a trial occurs. However, Defendant undertakes no duty to supplement these responses, except as expressly set forth below or as required by the Federal Rules of Civil Procedure or this Court's Local Rules. Defendant has responded to Plaintiff's discovery requests based on their interpretation of each request. If Plaintiff subsequently asserts an interpretation that differs from Defendant's, Defendant reserves the right to supplement their objections and/or responses.

2.      Any statement that Defendant will respond to any request does not constitute an admission by Defendant that it agrees with the characterization or definition contained in such interrogatory. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied by these responses. The fact that Defendant has responded to an interrogatory should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.

3.      All responses must be construed as given on the basis of presently available information.

4.      Defendant also provides these responses without waiving its right to: (i) object to the admissibility in evidence of these responses and documents produced by Defendant; (ii) object to further discovery relating to subject matters encompassed within the requests; (iii) supplement their objections in the event additional pretrial preparation results in the discovery of additional grounds for such objections; or (iv) revise, add to, clarify or correct their responses.

## GENERAL OBJECTIONS

1.      Defendant objects generally to Plaintiff's Interrogatories for the reasons listed below.  Defendant will not necessarily restate these General Objections in their individual objections and responses to the requests.  Defendant incorporates all of these General Objections into each of its individual objections and responses, and provides it specific objections and responses without prejudice to these General Objections.

2.      Defendant objects generally to Plaintiff's Instructions, Definitions, and Interrogatories to the extent they seek to impose duties upon Defendant beyond those imposed by the Federal Rules of Civil Procedure or local court rules.  Defendant also objects to the definitions or instructions to the extent they are ambiguous or subject to multiple interpretations depending on the context in which they are used.  Defendant will undertake to adopt the interpretation that makes the most reasonable sense in the context of this action.

3.      Defendant objects to the Interrogatories to the extent they purport to seek "all" information as being overly broad or unduly burdensome. Defendant also objects to each Interrogatory to the extent that the burden and expense of any requested information outweighs its likely benefit.  For each response, Defendant will provide information and/or documents dated up through the original filing of this action, unless specified otherwise in Defendant's response or unless another date is more practical in light of the requested information. Defendant will also identify custodians likely to have responsive information and conduct a reasonable inquiry of such custodians for responsive records.

4.      Defendant objects generally to Plaintiff's Interrogatories on the ground that the definition of "You" is overly broad and seeks documents and information not relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence

to the extent they seek a response on behalf of Defendant and "its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees including persons or entities outside of the United States."

5.      Defendant objects generally to Plaintiff's Interrogatories on the grounds that the term "Defendant White Castle Management Company, D/B/A White Castle System, Inc." is vague, overly broad, unduly burdensome, and information neither relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence.

6.      Defendant objects generally to the Interrogatories on the ground that the definition of "The Collective Plaintiffs" is overly broad and seeks information not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence to the extent that it is inconsistent with the putative class as defined in the Complaint, ¶¶ 1, 26, 27, 44, 54, and 59.

7.      Defendant objects generally to Plaintiff's Interrogatories to the extent that it seeks information prior to October 2006, which predates Plaintiff's employment at the Dolton Restaurant.

8.      Defendant objects to these Interrogatories to the extent that they seek information related to current or former employees who are not the Plaintiff in this action.

9.      Defendant objects generally to Plaintiff's Interrogatories to the extent that they seek information that is not within Defendant's knowledge, possession, custody, or control.

10.      Defendant objects generally to Plaintiff's Interrogatories to the extent that they may be construed as seeking information protected by the attorney-client privilege, the attorney work product doctrine and/or any other privilege recognized under Federal law.  Defendant will

not provide any information that they contend is protected under any such privilege or doctrine. Moreover, Defendant generally objects to each Interrogatory to the extent that it seeks confidential and privileged communications between attorney and client created in anticipation of or during the pendency of this action, including but not limited to communications between attorney and client regarding the requests. Defendant deems such privileged communications not intended to be within the scope of the interrogatories. Additionally, the fact that Defendant has asserted any of these privileges in response to specific interrogatories does not constitute a waiver where the privilege is not specifically asserted.

11.     Defendant's specific objections to each Interrogatory are in addition to the general objections set forth in this section. These general objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication. The absence of a reference to a general objection in each interrogatory response is not a waiver of any general objection with respect to that interrogatory or request. All responses are made subject to Defendant's general and specific objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the name, address, phone number, and position of any and all individuals that prepared, compiled, contributed to, or assisted in any way in responding to these interrogatories.

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Further, Defendant objects to this Interrogatory to the extent that it purports to impose a duty other than, or beyond, that required by the Federal Rules of Civil Procedure. Subject to the foregoing objections, Defendant states it will provide a written verification of these interrogatory answers to the extent required by the Federal Rules of Civil Procedure.

COI-1490303v4

**INTERROGATORY NO. 2:**  Identify each and every person whom you believe to possess knowledge of any facts or circumstances which refer or relate to any of the allegations in Plaintiffs' Complaint.  For each person identified:

      a.     State full name

      b.     State whether the person is an employee of Defendant and their title, and location;

      c.      State the last known address and telephone number of said person; and

      d.     Describe the knowledge believed to be possessed by said person.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein.  Subject to and without waiving its objections, Defendant incorporates by reference each of the individuals identified in response to the first numbered paragraph in its Initial Disclosures.  Defendant further states that Bozana Byers, HR Manager, and Bill Thompson, Former Chicago Regional Director, may have knowledge of the subject matter of certain of the allegations contained in Plaintiff's Complaint.  Both individuals may be contacted through Defendant's counsel.

**INTERROGATORY NO. 3:**  Identify the following information regarding Plaintiff Jenkins' employment with Defendant:

      a.     Date of hire;

      b.     Dates of all changes in employment;

      c.     All compensation paid during all relevant times of employment, including

            i.     benefits;

            ii.     all overtime wages paid.

      d.     Complete employment history

      e.     All positions held with Defendant

      f.     All discipline issued

      g.     All hours worked and all hours paid

h.    All schedules and other indications of days and hours worked

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant objects to this Interrogatory as the term "[c]omplete

employment history" is vague, overly broad, and seeks information not likely to lead to the

discovery of admissible evidence.  Subject to, and without waiving its objections, Defendant

states that it will produce documents from which responsive information may be obtained,

including Plaintiff's personnel file, time records, pay records, and schedules.

**INTERROGATORY NO. 4:**  Please describe in detail each and every one of the Plaintiffs' job
duties and responsibilities.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant objects that this Interrogatory is overbroad and unduly

burdensome to the extent that it requests anything other than a general overview of Plaintiff's job

duties and responsibilities.  Subject to, and without waiving these objections, Defendant states

that, at varying times, it has employed Plaintiff as Team Member and Crew Member.  As a Team

Member, Plaintiff's duties included preparing and serving quality products as efficiently and

pleasantly as possible, maintaining restaurant sanitation and appearance standards, and

performing any other duties as directed.  As a Crew Manager, Plaintiff's duties included

managing and directing the activities of other restaurant personnel on the shift as needed, as well

as preparing and serving quality products as efficiently and pleasantly as possible, maintaining

restaurant sanitation and appearance standards, and performing other duties as needed.  Further

responding, Defendant states that it will produce documents, including the job descriptions from

Plaintiff's positions, from which responsive information may be obtained.

**INTERROGATORY NO. 5:**  Describe in detail any and all methods for reporting the Plaintiff's work hours including but not limited to the following:

     a.      Sign In Sheets;

     b.      Computer logs;

     c.      Time cards;

     d.      Swipe cards;

     e.      Other.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein.  Further, Defendant objects to this Interrogatory as it is overly broad and unduly burdensome to the extent that it requests anything other than an overview of the method by which Plaintiff reports his work hours.  Subject to, and without waiving, its objections, Defendant states that Plaintiff is required to clock in at the beginning of his shift and upon the return of the employee from any break.  He is also required to clock out when he leaves for a break and at the end of his shift.  He may clock in and out at any store cash register by entering his employee ID code and using the point of service timekeeping ("POS") system.  To the extent that he failed to clock in or out properly, manual time entries may be made to ensure that his time is accurately reported.  Crew Managers (including Plaintiff during the time period that he has held this position), Assistant General Managers, and the General Manager can make corrections to any employee's hours worked, including their own, by logging into the POS system during the work day.  After a work day has ended, Crew Managers, Assistant General Managers, and General Managers can use the store computer's Team Member Compensation program to make necessary corrections for a previous work day, until that data is exported to the Regional Office. After the data is exported, the General Manager may make corrections necessary to ensure accurate time reporting by contacting the payroll department.

**INTERROGATORY NO. 6:** Identify all hourly employees of Defendant employed at the Dolton Illinois location in the last three years prior to the filing of the Complaint including:

      a.      State full name;

      b.      State whether the person is an employee of Defendant and their title, and location;

      c.      State the last known home address and telephone number of said person; and

      d      email address of same (if known)

      e.      title and/or position held

      f.      rate of pay at all times of their employment

      g.      hours of work

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Defendant further objects that this Interrogatory is overly broad, unduly burdensome, and premature since the Plaintiff has not filed and the Court has not granted any motion for class or collective action certification in this matter. Further responding as to Plaintiff, Defendant incorporates by reference its responses to Interrogatory Nos. 3 and 4.

**INTERROGATORY NO. 7:** List all Defendant retail locations in Illinois including address of each location.

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Defendant further objects that this Interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further responding, Defendant states that the address of the Company's Dolton restaurant is 1400 E. Sibley Boulevard, Dolton, Illinois 60419 and the addresses and telephone numbers of other Illinois restaurants are available at http://www.whitecastle.com/locations/all.

**INTERROGATORY NO. 8:**  Identify, (including  employees  home and work phone number, home address, and work location) of all persons whom White Castle,

      1.        Ordered to pay drawer shortages

      2.        Disciplined for drawer shortages

      3.        Terminated for drawer shortages

      4.        Rewarded for not having drawer shortages

      5.        Disciplined or terminated for working off the clock

      6.        Disciplined or terminated for "rolling" employee work time

For Interrogatory #7 plaintiff asks Defendant to answer for more locations then just the Dolton location, rather Plaintiff seeks comparison for a similarly situated analysis, thus Plaintiff asks for comparison to all the White Castles within 100 miles of the Dolton location: (CHECK HOW MANY??)

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein.  Defendant further objects that this Interrogatory is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Further responding, Defendant denies that it orders employees to pay the Company for drawer shortages, and in fact prohibits such payments.  Additionally, Defendant will produce copies of all written discipline and commendations received by Plaintiff.

**INTERROGATORY NO. 9:**  Please identify all company policies, practices, and procedures, whether written or oral, formal or informal, related to FLSA, and Illinois Wage Laws.  For each such policy or procedure:

      a.        Identify the effective dates of the policy, practice, or procedure;

      b.        The location of the policy, practice or procedure;

      c.        The individual(s) responsible for drafting the policy, practice, or procedure;

      d.        The dates the policy, practice, or procedure was revised, modified and updated;

e.    A copy of any written policy, practice or procedure; and

f.    A summary of any oral policy, practice or procedure.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant objects to this Interrogatory as overly broad, unduly

burdensome and not  reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks information related to "all company policies, practices, and procedures, whether

written or oral, formal or informal, related to FLSA, and Illinois Wage Laws."  Subject to and

without waiving its objections, Defendant states that it will produce documents from which

responsive information may be obtained, including the timekeeping and compensation-related

policies applicable to Plaintiff.

**INTERROGATORY NO. 10:**  Please identify all witnesses that you expect to call to testify at
any hearing, trial, or other proceeding related to this matter.  Please provide the name, address,
and a summary of each witness' knowledge and the subject matter upon which the witness is
expected to testify.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant objects that this Interrogatory is premature in its

request for identification of witnesses; Defendant will identify witnesses in accordance with the

Federal Rules of Civil Procedure, this Court's Local Rules, and any scheduling order in this case.

Further responding, Defendant incorporates by reference its Initial Disclosures in this matter.

**INTERROGATORY NO. 11:**   Identify each person whom you expect to call as an expert witness at trial, if any, and as to each potential expert identified include:  the subject matter on which the expert is expected to testify; a complete statement of all opinions to which the expert is expected to testify and be expressed, and the basis, reasons, grounds therefore; the data or other information  considered by the witness in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation  to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Identify all documents related to your answer.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant states that it has not retained any expert witnesses.

Defendant will supplement this response to the extent required by the Federal Rules of Civil

Procedure, this Court's Local Rules, or any schedule set forth in this case.

**INTERROGATORY NO. 12:**  Identify each and every document that you intend to introduce at any hearing, trial, or other proceeding related to this matter.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Subject to and without waiving its objections, Defendant states that it has

not yet identified or determined the exhibits it intends to introduce in this matter.  Defendant will

supplement this response to the extent required by the Federal Rules of Civil Procedure, this

Court's Local Rules, or any schedule set forth in this case.

**INTERROGATORY NO. 13:**  Explain, in detail, all the Defendant's Policies and Procedures to prevent "off the clock work" and to ensure that all employees "work" hours are paid including all authorizations, permission slips and consent forms.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though

fully set forth herein.  Further, Defendant objects to this Interrogatory to the extent that it seeks

anything beyond a general overview of Defendant's policies and practices to prevent off-the-

clock work and to ensure that employees are compensated for all hours worked.  Defendant

further objects that use of the phrase "all authorizations, permission slips and consent forms"

renders this Interrogatory vague and ambiguous.  Subject to and without waiving its objections,

Defendant states that it strongly prohibits off-the-clock work. For example, it maintains an Hours Worked Guideline that provides "that all hourly team members must be paid for all hours worked" and prohibits "hourly team members from working off the clock…include[ing] working before or after the shift or during an unpaid meal period." The Guideline further declares that, "[i]t is the responsibility of everyone as a leader to ensure that team members are paid for all hours worked. An hourly team member may not willingly or voluntarily work off the clock." Similarly, the Company's Team Member Awareness Form advises that "[a]ll hourly team members must be clocked in when performing any work duties." The Company's Chicago Region maintains an additional policy restating that:

> [A]ll hourly team members must be paid for all hours worked. This is required by law and it has always been White Castle's policy to be in complete compliance with wage and hour laws. Federal and State laws and White Castle policy prohibits an hourly team member from working off-the-clock. This includes working before or after the shift or during an unpaid meal period. It is the responsibility of everyone as a leader to ensure that team members are paid for all hours worked. An hourly team member may not willingly or voluntarily work off-the-clock . . . Any leader found working or allowing an hourly team member to work off-the-clock or in any other way not paying an hourly team member for all hours worked will be subject to corrective action, including such discipline (including but not limited to unpaid disciplinary suspension) up to and including immediate discharge as is appropriate at the discretion of White Castle.

Defendant ensures that all employees are aware of such policies. For instance, it provides its Handbooks and other employment policies to Team Members during orientation, discussing such policies with Team Members during their initial training period. The Company also requires Team Members to verify with an electronic signature that they have read, understand, and agree to abide by the policies. Further, Company General Managers attend White Castle University where they receive further instruction on the requirements of the Fair Labor Standards Act and state statutes, including overtime law and meal and rest break requirements.

Further, Defendant maintains systems by which employees may easily and accurately report their time. Employees may clock in and out at any store cash register by entering their ID into Defendant's POS timekeeping system. If employees fail to clock in or out properly, manual time entries may be made to ensure that time is accurately reported. Employees may request corrections to their time record at any time.

Further responding, Defendant states that it will produce documents, such as its policies related to time reporting and its prohibitions on off-the-clock work, from which responsive information may be obtained.

**INTERROGATORY NO. 14:** Explain, in detail, all the Defendant's Policies and Procedures regarding drawer shortages.

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Further, Defendant objects to this Interrogatory to the extent that it seeks anything beyond a general overview of Defendant's policies related to drawer shortages. Subject to and without waiving its objections, Defendant states that its Cash Handling Policy defines a clear procedure for handling drawer shortages or overages and that strongly prohibits the repayment of drawer shortages. The Policy, which is meant "to ensure the proper handling of Company funds while protecting…the team member," states that "[a]t no time will a team member be allowed to personally replenish any shortages in the cash register or safe." Further responding, Defendant states that it will produce documents, such as its policies related to cash handling, from which responsive information may be obtained.

**INTERROGATORY NO. 15:** Explain, in detail, all the Defendant's Policies and Procedures regarding rolling of employees work time.

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Further, Defendant objects to this Interrogatory to the extent that it seeks

anything beyond a general overview of Defendant's policies related to "rolling of employee's work time." Subject to and without waiving its objections, Defendant states that it prohibits the rolling of employee work time from one week to the next. Indeed, as noted, "it has always been White Castle's policy to be in complete compliance with wage and hour laws." Thus, the Company's Employee Handbook states that "[t]he work week runs from Sunday to Saturday," and it requires that employees be "accurate in clocking in and out." Further responding, Defendant states that it will produce documents, such as its policies related to time reporting, from which responsive information may be obtained.

**INTERROGATORY NO. 16:** Describe in detail the method for calculation of the employee's time cards and time worked, including how determination of "rounding" of time is accomplished. (Rounding is herein defined as the mathematical calculation of time, in which a part of an hour is changed to either .25, .50 or .75 or a whole number).

**RESPONSE:** Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein. Further, Defendant objects to this Interrogatory to the extent that it seeks anything beyond a general overview of Defendant's calculation of employee work time. Subject to and without waiving its objections, Defendant states that it requires employees to record all work time in its POS System. *See* Response to Interrogatory No. 5. The POS system records the exact time of each employee time punch. Based on these punches (and any necessary manual corrections to ensure that all work time is accurately recorded), Defendant's payroll system calculates each employee's work time, rounding to the nearest hundredth of an hour. Further responding, Defendant states that it will produce documents from which additional responsive information may be obtained.

**INTERROGATORY NO. 17:**  Describe and detail each and every reason Plaintiff Jenkins was suspended for five days, including a description or reference to the policy and procedure which Plaintiff allegedly violated, if any.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein.  Further, Defendant objects to this Interrogatory to the extent that it seeks anything beyond a general overview of the reasons that Plaintiff was suspended for five days on September 4, 2012.  Subject to and without waiving its objections, Defendant states that Plaintiff was suspended because he violated the Cash Handling Policy and the Chicago Region Leader Cash Handling Procedure by not reporting an $18.31 cash register overage.  Defendant's Handbook prohibits employees from "taking money from the point of sale register for personal use…[and] personally replenish[ing] any shortages in the cash register or safe."  The Chicago Region Leader Cash Handling Procedure, which Plaintiff acknowledged receiving on June 20, 2008, requires "[a]ll cash discrepancies from the previous day in the amount +/-$10…to be called in to [the] area office before 10:00 a.m."  Plaintiff was disciplined on at least three other occasions for violations of the Cash Handling Policy.  Further responding, Defendant states that it will produce documents from which additional responsive information may be obtained.

**INTERROGATORY NO. 18:**  Describe and detail each and every reason Plaintiff Jenkins was placed on a rotating shift different from that requested at this his work location.

**RESPONSE:**  Defendant incorporates its General Objections to all Interrogatories as though fully set forth herein.  Further, Defendant objects that this Interrogatory is vague as to time frame and rendered vague and ambiguous by use of the phrase "rotating shift different from that requested at his work location."  Subject to and without waiving its objections, Defendant states that because its restaurants are open on a 24-hour basis, Crew Managers may be scheduled to work varying hours, shifts, and days subject to the operational needs of Defendant's business.

Crew Manager are not guaranteed to work any particular, requested schedule, and the Crew

Manager job description clearly states that the employee, "[m]ust be available to work all shifts."

Dated: April 15, 2013     Signed as to objections,


         s/ E. Michael Rossman

         E. Michael Rossman (admitted *pro hac vice*)
         emrossman@JonesDay.com
         JONES DAY
         325 John H. McConnell Boulevard, Suite 600
         P.O. Box 165017
         Columbus, OH  43216.5017
         Telephone: +1.614.469.3939
         Facsimile: +1.614.461.4198

         David L. Culberg (6299578)
         dculberg@JonesDay.com
         JONES DAY
         77 West Wacker
         Chicago, IL  60601-1692
         Telephone: +1.312.782.3939
         Facsimile: +1.312.782.8585

         Attorneys for Defendant
         White Castle System, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2013, I mailed via U.S. Mail the foregoing Defendant's

Answers to Plaintiffs' First Set of Interrogatories to:

> John C. Ireland
> THE LAW OFFICE OF JOHN C. IRELAND
> 1921 Charles Lane
> Aurora, Illinois 60505

> s/ E. Michael Rossman
> _____
> One of the Attorneys for Defendant

## **VERIFICATION**

I, Darrin Cotton, am the District Supervisor with responsibility for the restaurant located at 1400 East Sibley Boulevard in Dolton, Illinois. I am authorized to make this verification for and on behalf of Defendant, and I make this verification for that reason. I have read the foregoing Defendant's Responses To Plaintiffs' First Set of Interrogatories and know its contents. Based on my review of Defendant's responses, I believe them to be true and correct based on information available to me as of today.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on *April 12* , 2013, at *Chicago, IL* .