**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jimmy Jenkins<br>individually<br>and on behalf of all persons<br>similarly situated<br>as class representative under<br>Illinois Wage Laws and/or as<br>Collective representative<br>of the Collective as permitted<br>under the Fair Labor Standards Act,<br><br>      Plaintiff,<br><br>  v.<br><br>White Castle Management Company,<br>D/B/A White Castle System Inc.,<br><br>      Defendant. | Civil Action No. 12 CV 07273<br><br>Judge Gottschall |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL

With his Motion to Compel, Plaintiff Jimmy Jenkins asks this Court to permit a virtually unlimited fishing expedition, at Defendant's expense, that grossly exceeds the allegations in his Complaint and before any putative class has been certified. That is, Plaintiff alleged (and White Castle denies) that Defendant "has established a pattern and practice of requiring payment for employer expenses such as drawer shortages." (Complaint ¶ 1.) However, Plaintiff expressly pled that his "[c]laims are limited to the Dolton White Castle location, as it appears that the policy and procedure of repayment is the unwritten policy and procedure of only one manager at this location." (Complaint ¶ 6.)

In previously refusing to agree to extend the discovery deadlines in this case, Plaintiff indicated that he was prepared to go to trial on his individual claims only, without conducting any depositions or any additional discovery.

Now, however, Plaintiff asks the Court to order production of an array of documents, covering a period of up to ten years and concerning employees at more than 70 locations.  Such requests would require production of detailed and individualized information related to individuals' work histories, compensation, hours, and disciplinary records, among other things. But since no class has been certified and since Plaintiff's factual allegations limit this matter to one White Castle location – indeed, the alleged misconduct of one manager – there is simply no basis to subject Defendant to the wide-ranging burden and expense that Plaintiff would impose. As such, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel.

## FACTS

On September 12, 2012, Plaintiff filed the Complaint in this matter.  As noted, Plaintiff alleged that White Castle "has established a pattern and practice of requiring payment of employer expenses such as drawer shortages." (Compl. ¶ 1.)  However, Plaintiff "limited" his claims "to the Dolton White Castle location, as it appears that the policy and procedure of repayment is the unwritten policy and procedure of only one manager at this one location." (*Id.* at ¶ 26.)  Plaintiff went on to define his putative class as "all current, former and future employees of WHITE CASTLE employed as hourly employees of the Defendant who were required to repay Defendant business losses such as drawer shortages." (*Id.* at ¶ 27; *see also id.* at ¶ 41 (class defined as "all employees of WHITE CASTLE…who were not compensated at minimum wages due to compelled payments").)

On March 5, 2013, Plaintiff served discovery requests on White Castle, including 18 interrogatories and 42 document requests.  As a general matter, the requests extend well beyond

the Dolton location (*see, e.g.* Pl's First Set of Interrogatories (hereinafter "Pl.'s Interrogs.") at p. 1) – potentially covering up to 70 restaurants that Defendant owns and operates in the State of Illinois – and they seek up to 10 years worth of documents (*see* Pl's First Set of Requests for Production (hereinafter "Pl.'s Reqs.") at p. 2.) Defendant timely submitted responses and objections to the requests, producing 350 pages of responsive documents and a disc containing video footage.

In May 2013, Plaintiff's Counsel and Defendant's counsel engaged in a discussion in which Plaintiff's counsel asserted that Defendant's production was deficient. On May 29, 2013, the Parties filed a Joint Motion To Extend Discovery Deadline, in order to pursue settlement negotiations, which was granted by this Court. As outlined in Defendant's Motion to Compel (Dkt. #26), the Parties then engaged in settlement negotiations through August 29, 2013. On August 30, 2013, Plaintiff's Counsel refused to file a Second Joint Motion to Extend Discovery Deadline, stating that he was prepared to go to trial on Plaintiff's individual claims. After this Court extended discovery to permit Plaintiff's deposition, Plaintiff filed the instant Motion.

## ARGUMENT

In putative class cases, the Court has discretion to limit discovery, such as in instances in which "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). In such cases, Courts properly limit burdensome, wide-ranging, and individualized discovery related to putative class members, particularly when the plaintiff attempts to conduct such discovery prior to class certification. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424-25 (9th Cir. 1985) (plaintiff "bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations"); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304, 309 (D. Colo. 1998) (denying class discovery at more than one location "unless or until

[plaintiffs] could present facts which demonstrated that there was a reasonable likelihood that [defendant] had a national policy or practice to deny overtime to its employees in violation of the FLSA"); *Nat'l Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276-277 (D. Conn. 1980) ("The recognized need for precertification discovery is subject to limitations imposed by the court…the defendant must be protected from discovery which is overly burdensome [or] irrelevant"); *Flanigan v. Am. Fin. Sys. Of Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976) (denying class discovery and finding "Rule 23 should not be used as a device to enable client solicitation") (internal quotations omitted); *Crabtree v. Hayden, Stone Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) ("the purpose of the pre-trial discovery rules…is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties may have similar claims"). *See also Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 C 4763, 2011 WL 1548964 at *13 (N.D. Ill. Apr. 21, 2011) ("The court declined to order that [extensive written and oral discovery or production of a class list] take place before the issue of conditional certification was decided."); *Cavin v. Home Loan Ctr. Inc.*, 469 F.Supp.2d 561, 574 (N.D. Ill. 2007) (denying motion to compel class list even after class certification, noting that "Rule [23] affords the Court discretion to control the manner in which a class action proceeds, including the timing of the mailing of notice to the class."); *see also Chavez v. Hat World, Inc.*, No. 12-cv-5563, 2013 WL 1810137 at *2 (N.D. Ill. Apr. 29, 2013) (limiting pre-certification discovery to materials that did "not require any identifying information concerning the other potential class members"). Exercise of the Court's discretion to reasonably limit discovery is particularly appropriate where the plaintiff's discovery requests exceed the scope of the Complaint *See, e.g., Balderston v. Fairbanks Morse Engine Div. Of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003) (upholding district court's limitations on discovery of personnel files based upon relevance);

*Kinkead v. Southwestern Bell Telephone Co.*, 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of motion to compel discovery based in part on irrelevance of documents in question); *Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004, 1008 (N.D. Ill. 2009) (finding that discovery related to employees outside of the district plaintiff worked in was irrelevant); *Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701 MJR, 2009 WL 511866 at *3 (S.D. Ill. Feb. 27, 2009) (denying plaintiff's motion to compel documents that the court found were "not likely to lead to the discovery of admissible evidence"); *see also Betancourt*, 2011 WL 1548964 at *13. Under these standards, the Court should deny Plaintiff's Motion.

### A.     The Discovery Requests At Issue Are Improper

Quite simply, this Court should deny Plaintiff's Motion because the discovery requests at issue are overly broad and unduly burdensome because:  (a) Plaintiff seeks burdensome, individualized discovery at a time when no class has been certified, and (b) the requests seek to impose obligations that exceed the allegations in Plaintiff's Complaint.

Indeed, as noted, Plaintiff expressly pled that his claims in this case are limited to one White Castle location only:

> Plaintiff's Claims are limited to the Dolton White Castle location,
> as it appears that the policy and procedure of repayment is the
> unwritten policy and procedure of only one manager at this
> location.

(Complaint ¶ 26.)  Moreover, Plaintiff specifically defined his putative class in relation to his claim that Defendant improperly required certain employees to repay business expenses:  "all current, former and future employees of WHITE CASTLE employed as hourly employees of the Defendant who were required to repay Defendant business losses such as drawer shortages."  (*Id.* at ¶ 27; *see also id.* at ¶ 41 (class defined as "all employees of WHITE CASTLE…who were not compensated at minimum wages due to compelled payments").)

Nevertheless, Plaintiff's discovery requests seek extensive documents and information regarding individuals who: (1) never worked at the Dolton Restaurant; (2) were never supervised by the "one manager" who allegedly imposed an "unwritten policy" regarding such repayments, and (3) who were employed in positions other than the positions held by the Plaintiff. For example, Document Requests 4, 6, 7, 34, and 36, as well as Interrogatory No. 8 extend well beyond the Dolton location.

Moreover, even the discovery requests that are limited to Dolton would require production of voluminous and wide ranging personal information related to the hours, compensation, disciplinary history, and work records of specific employees. *See*, *e.g.*, Document Request 9 (seeking address, phone numbers and email addresses for all Dolton employees); Document Requests 12 and 26 (seeking documents related to all employees terminated from the Dolton restaurant); Document Requests 14 and 29[1] (seeking documents related to "the actual hours of all employees at the Dolton location"); Document Request 32 (seeking wage rates for all Dolton employees); Document Request 33[2] (seeking personnel files for employees at Dolton and elsewhere); Document Request 38 (seeking all manager schedules at Dolton); Document Request No. 39[3] (seeking documents related to all work schedules).

Because no class has been certified, *see*, *e.g.*, *Betancourt, Inc.*, No. 10 C 4763, 2011 WL 1548964 at *13, and because such requests exceed the scope of Plaintiff's Complaint, *see*, *e.g.*, *Cavin ,* 469 F.Supp.2d at 574, this Court should deny Plaintiff's Motion.

---

[1] Request 29 is identified as Document Request 26 in Plaintiff's Motion to Compel.

[2] Request 33 is identified as Document Request 34 in Plaintiff's Motion to Compel.

[3] Request 39 is identified as Document Request 39 in Plaintiff's Motion to Compel.

COI-1497134v2

## B.     Plaintiff's Counterarguments Are Unavailing

Against this backdrop, Plaintiff's contentions that he is entitled to burdensome, individualized discovery that exceeds the scope of his Complaint are unavailing. For example, Plaintiff argues (Motion at 4) that his "claims include that other Defendant employees are similarly situated, and similarly under Defendant's policies and procedures of compelled payments and off the clock work, and rolling issue." In this regard, while Plaintiff "individually presents claims for Off-The-Clock work" (Complaint ¶ 2), his Complaint does contain vague allegations that "similarly situated current and former employees . . . have been denied the overtime premium FLSA" (Complaint ¶ 43). Here, however, Plaintiff cannot escape the fact that he expressly pled that his "Claims are limited to the Dolton White Castle location." Nor can he escape the fact (*supra* at 2, 5-6) that his putative classes are defined in relation to his compelled repayment claim only, which is not only limited to Dolton but also to the alleged misdeeds of "one manager." (*Id.*) Moreover, Plaintiff fails to explain how any of this entitles him to burdensome, individualized, and wide-ranging discovery related to putative class members prior to class certification. S*ee, e.g.*, *Betancourt, Inc.*, No. 10 C 4763, 2011 WL 1548964 at *13; *Cavin ,* 469 F.Supp.2d at 574.

Next, Plaintiff asserts (Motion at 3) that "[i]t has been held to be reversible error for a district court to deny certification without affording an appropriate opportunity for the plaintiff to conduct discovery to prove the prerequisites for class certification." Plaintiff is wrong. Indeed, the case Plaintiff cites for this proposition stands only for the proposition that it is improper to deny class certification without a hearing on class certification issues. *See Morrison v. Booth*, 730 F.2d 642, 643 (11th Cir. 1984) ("We must decide the propriety of the trial court's striking the class claims in this case without conducting a hearing on class certification.").

Finally, Plaintiff's remaining cases are inapposite. Cases such as *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566 (2d Cir. 1982); *Chateau de Ville Products., Inc. v. Tams-Witmark Music Library Inc.*, 586 F.2d 962 (2d Cir. 1978); *Windham v. American Brands, Inc.*, 65 F.2d 59, fn. 5 (4th Cir. 1977); and *Doctor v. Seaboard Coast Line Railroad.*, 540 F.2d 699 (4th Cir. 1976) stand only for the proposition that in appropriate settings a Court *may*, but is *not required* to, permit discovery. Likewise, *Lewis v. Bloomburg Mills, Inc.*, 608 F.2d 971 (4th Cir. 1979) and *North Carolina Association of Black Lawyers v. North Carolina Board Of Examiners*, 538 F.2d 547 (4th Cir. 1976) provide that court orders relating to discovery are not appealable. Further, as Plaintiff suggests *Hoffmann-La Roche, Inc. v. Sperling* states that there "is authority for a motion to provide potential plaintiffs with notice of a pending FLSA action," in appropriate circumstances. None of these cases suggest that Plaintiff is entitled to the broad fishing expedition that he seeks here.

**WHEREFORE,** Defendant respectfully requests that this Court deny Plaintiff's First Motion to Compel in its entirety.

COI-1497134v2

Dated: September 25, 2013                     Respectfully submitted,


s/ E. Michael Rossman
_____
E. Michael Rossman (admitted *pro hac vice*)
emrossman@JonesDay.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
P.O. Box 165017
Columbus, OH  43216.5017
Telephone:     +1.614.469.3939
Facsimile:     +1.614.461.4198

David L. Culberg (6299578)
dculberg@JonesDay.com
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:     +1.312.782.3939
Facsimile:     +1.312.782.8585

Attorneys for Defendant
White Castle System, Inc.

COI-1497134v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2013, I electronically filed the foregoing

Defendant's Memorandum in Opposition to Plaintiff's First Motion to Compel with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following

counsel of record at his e-mail address on file with the Court:

John C. Ireland
THE LAW OFFICE OF JOHN C. IRELAND
1921 Charles Lane
Aurora, Illinois 60505

s/ E. Michael Rossman
One of the Attorneys for Defendant

COI-1497134v2