```
                UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JIMMY JENKINS,                    )
                                  )
        Plaintiff,                )
                                  )    Case No. 12 C 7273
        v.                        )
                                  )    Judge Joan B. Gottschall
WHITE CASTLE                      )
MANAGEMENT CO., d/b/a             )    Magistrate Judge Arlander Keys
WHITE CASTLE SYSTEM INC.,         )
                                  )
        Defendant.                )
```

### Memorandum Opinion and Order

Plaintiff Jimmy Jenkins filed a complaint against White Castle Management Company ("White Castle") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, et seq., on behalf of himself and others similarly situated. Mr. Jenkins alleges that White Castle, while he was employed at the White Castle in Dolton, Illinois, improperly reduced his wages and failed to pay him for overtime work. Mr. Jenkins also alleges that White Castle retaliated against him for protesting these violations. Mr. Jenkins seeks to bring his FLSA claims as a collective action and seeks class-action treatment pursuant to Federal Rule of Civil Procedure 23 for his Illinois state-law claims.

The parties in this case have been conducting discovery since February, 2013. [dkt. #12]. While conducting discovery, Mr. Jenkins filed a motion to compel against White Castle. [dkt. #29]. In an Opinion and Order, dated October 17, 2013, the District Court granted in large part Plaintiff's motion to compel White Castle to answer the disputed discovery requests. [dkt #44]. In that order, the Court specifically directed White Castle to respond to certain discovery requests and set the breadth in which it must respond. The type of information and documents to be produced includes names of employees at the Dolton White Castle and their job titles, hours worked and wage rates relevant to the claims Mr. Jenkins asserts, and personnel files of employees who were disciplined or terminated for reasons relevant to Mr. Jenkins' claims.

In its Opinion, the Court ordered the parties, prior to the discovery production, to file a proposed protective order by October 22, 2013, including an agreed proposed schedule for production of the discovery. On the deadline, the parties filed a report on the protective order, in which they dispute the language of the order, and a proposed discovery schedule. [dkt #47]. The following day, on October 23, 2013, Plaintiff filed additional objections and suggested language for the proposed protective order. [dkt. #48].

The Court has reviewed both sides' versions of the proposed protective order and their arguments. In its proposed protective order, White Castle has based its language on the Northern District of Illinois's Model Confidentiality Form in an effort to keep the confidential business information of White Castle, which is unrelated to the subject matter of the Action from Discovery Material, from being disclosed. In response, Mr. Jenkins generally argues that White Castle's language is too limiting and restrictive, creating burdensome crossroads to get the information that he thinks will be needed in this case.

The Court understands Mr. Jenkins' arguments and that the restrictions put into place to keep business information confidential are sometimes inconvenient. However, The Federal Rules of Civil Procedure broadly permit parties in litigation to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Given the 'extensive intrusion into the affairs of both litigants and third parties' that is both permissible and common in modern discovery, the rules provide for the use of protective orders, entered 'for good cause,' to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process, Fed.R.Civ.P. 26(c)(1)." *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2010)(internal citation omitted).

There is no dispute that a protective order is necessary in this case, as there is good cause to protect White Castle's business information. In the disputed paragraphs, White Castle has proposed reasonable language, mostly from the Northern District of Illinois's Model Confidentiality Form. However, Mr. Jenkins argues that the restrictions are duplicative or that they put extra burdens on him. Specifically, the proposed protective order allows Mr. Jenkins to challenge redactions, setting forth that the parties are to meet and confer in order to resolve any dispute regarding classification of documents (paragraph 9a). According to this paragraph, the challenging party must explain the basis for its belief that the confidentiality designation was not proper. Mr. Jenkins argues that the burden must be on the designating party, not the challenging party. As Defendant's language, adopted from the Model Confidentiality Form, protects the confidential information without the burden of preemptively justifying each and every piece of material it designates as confidential, the Court thus adopts White Castle's proposed language.

Another example of a disputed paragraph is 16(b), which discusses the parties' obligations at the conclusion of litigation. Defendant again proposes adopting the language from the Model Confidentiality Form, which requires the party receiving confidential information to destroy or return the

4

confidential material 63 days after dismissal or entry of a final judgment not subject to appeal. Mr. Jenkins argues that this requirement is "very problematic, as the return of documents impacts Plaintiff's counsel duties and potential claims which could be filed against Plaintiff's counsel years after the end of this case." The Court does not find this argument persuasive, and adopts the proposed language which follows the Model Form.

A third example of disputed language is 5(b), which addresses the limited third party disclosure of confidential information. White Castle presents a reasonable list of nine categories of third parties who would be able to view confidential information in this matter. One of the categories is "Others by Consent." This category allows others to receive written consent by the producing party or the Court. Mr. Jenkins wishes to add two more categories of people to paragraph 5(b): any person who has signed a FLSA Consent in this matter and any person who is subject to relevant documents. As drafted, these categories have the potential to include individuals beyond the purpose of the protective order and, though Mr. Jenkins' arguments of specific individuals who may fall into one of these categories is on point, those people can also easily get access through consent, instead of opening the third party viewing to

too broad an audience. Therefore, the Court adopts Defendant's proposed language.

Though the protective order's purpose, in this case, is to protect the confidential business information of a company still doing business is important, it must not be abused. Here, the Court finds that the proposed language by White Castle is adequate to protect certain information, without being overly restrictive or unnecessarily burdensome. White Castle is not requesting sweeping language that globally classifies large amounts of information as confidential, redacting to the point that Plaintiff will not be able to use the documents for the purpose of this case, nor is White Castle attempting to mark all deposition transcripts as confidential without following the suggested procedure from this District (paragraph 4(b)). Therefore, the Court adopts the language proposed by White Castle in all disputed paragraphs of the proposed protective order.  White Castle is to submit its version of the protective order to Judge Key's proposed order email address, Proposed_Order_Keys@ilnd.uscourts.gov, within seven days of this order.

In the report submitted to the Court, the parties did agree to production of the previously disputed documents on a rolling basis by certain dates. As the dates suggested have passed, the Court orders the parties to meet the deadlines of the following

6

schedule: The first production deadline will be December 11, 2013 for all documents responsive to Items 2, 3, and 6 as referenced in the parties' report. The second production deadline will be one week later, on December 18, 2013, and will include all documents responsive to Items 1, 4, and 5.

**Conclusion**

As to the portions of the disputed proposed protective order, the Court adopts Defendant White Castle's version.

Date: November 26, 2013

                                    E N T E R E D:

                                    *[signature: Arlander Keys]*

                                    MAGISTRATE JUDGE ARLANDER KEYS
                                    UNITED STATES DISTRICT COURT