**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JIMMY JENKINS AND CANDICE R. ROBERTS, individually and on behalf of all persons similarly situated as class representative under Illinois Wage Laws and/or as Collective representative of the Collective as permitted under the Fair Labor Standards Act,** | |
| **PLAINTIFFS,** | **CASE NO. 12 CV 07273** |
| **v.** | **JUDGE GOTTSCHALL** |
| **WHITE CASTLE MANAGEMENT COMPANY, D/B/A WHITE CASTLE SYSTEM INC.,** | **MAGISTRATE JUDGE COLE** |
| **DEFENDANT.** | |

**DEFENDANT WHITE CASTLE'S SECOND AMENDED RESPONSES TO**
**PLAINTIFF'S FIRST REQUESTS TO ADMIT**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant White

Castle ("White Castle") by and through its attorneys, amends its responses to Plaintiff's First

Requests to Admit ("Requests") as follows:

**PRELIMINARY STATEMENT**

Discovery in this case is not yet complete and Defendant's investigation of the facts is

continuing and will continue to and throughout the trial of this action. Defendant's responses to

Plaintiff's discovery requests are, therefore, made without prejudice to Defendant's right to

modify or supplement its responses and to introduce any and all evidence of any kind in the

proceedings in this action.

Defendant has responded to Plaintiff's discovery requests as Defendant interprets and

understands each request. If Plaintiff subsequently asserts an interpretation of any request that

differs from the understanding of Defendant, Defendant reserves the right to supplement its objections and/or responses.

Defendant responds solely for the purpose of, and in relation to, this action. Each response herein is made subject to all appropriate objections (including, but not limited to, objections concerning competency, relevance, materiality, propriety, and admissibility), which would require the exclusion of any information or thing at the time of trial.

## REQUESTS TO ADMIT

**REQUEST FOR ADMISSION NO. 1:** Defendant Bates Numbered Documents WC 0003208-WC 0003346 are documents produced and maintained as part of the Defendant's business records.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2:** Defendant Bates Numbered Documents WC 0003208-WC 0003346 are documents produced in the regular course of business by White Castle.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** Defendant received a customer compliant regarding Plaintiff Roberts on 11/30/13.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** Defendant provided Plaintiff Roberts with a "separation notice" is dated 12/29/13.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 5:** Plaintiff Roberts was deposed by Defendant on 12/16/13 in the above-captioned cause.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** Email for Phillip Banaszak stated "Barbie and Stacey issued the termination at 8 am this morning" and the email is dated 12/23/13.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** Barbie Exline, in an email of 12/19/13, wrote "I have a CM at Castle #67 that was just suspended in October for customer service".

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 8:** Defendant did not terminate Plaintiff Roberts any time from 11/30/13, the date of the customer complaint against Plaintiff Roberts until 12/23/13.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 9:** Defendant did not interview Plaintiff Roberts about the customer complaint of 11/30/13 at any time from 11/30/13, the date of the complaint, to 12/22/13, about the complaint.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 10:** Plaintiff Roberts worked the following dates after receiving the complaint on 11/30/13 these dates of work after November 30, 2013 include 12/1/13, 12/3/13, 12/8/13, 12/9/13, 12/10/13, 12/11/13 and Plaintiff Roberts was suspended on 12/4/13, 12/5/13 and 12/6/13 (as per WC 3210).

**RESPONSE:** Admitted in part. Denied in part. Admitted that Plaintiff worked on December 1,

December 3, December 8, December 9, December 10, and December 11, 2013. Admitted that

Plaintiff was suspended on December 4, December 5, and December 6, 2013. Denied that

Plaintiff Roberts was in personal receipt of the complaint on November 30, 2013.

**REQUEST FOR ADMISSION NO. 11:** On 11/30/13 a customer made a complaint against Candace that claimed he called the location and spoke to the manager Candace who was argumentative, and he went to the location to speak to manager Candace who yelled profanities at him and just walked away.

**RESPONSE:** Admitted.

COI-221513686v1

**REQUEST FOR ADMISSION NO. 12:**  In an email dated 12/19/2013, Document WC 3348, relating to the termination of Candice Roberts, Barbie Exline stated that Roberts was "not professional and did not speak to our customer appropriately", however the email makes no mention or claim that Roberts used profanity.

**RESPONSE:**  Admitted in part.  Denied in part.  Admitted that the email states that Roberts was

"not professional and did not speak to our customer appropriately."  Denied that the phrase "not

professional and did not speak to our customer appropriately" could not encompass a mention or

claim that Roberts used profanity.

**REQUEST FOR ADMISSION NO. 13:**  In an email dated 12/19/2013, Document WC 3348, relating to the termination of Candice Roberts, Barbie Exline stated that Roberts was "not professional and did not speak to our customer appropriately", however the email makes no mention or claim that Roberts used profanity, further that at some point Barbie Exline had reviewed the Rapid Eye security footage and no profanities were spoken by Roberts at any time in the security footage reviewed by Ms. Exline.

**RESPONSE:**  Admitted in part.  Denied in part.  Admitted that Ms. Exline wrote that Plaintiff

Roberts was "not professional and did not speak to our customer appropriately." Further

admitted that Ms. Exline reviewed the Rapid Eye security footage.  Denied that the phrase "not

professional and did not speak to our customer appropriately" could not encompass a mention or

claim that Roberts used profanity.  White Castle states that after a reasonable inquiry it has

insufficient information to admit or deny that no profanities were spoken by Plaintiff Roberts at

any time in the security footage reviewed by Ms. Exline due to the quality of audio in the Rapid

Eye footage.

**REQUEST FOR ADMISSION NO. 14:**  On 12/19/2013 Barbie Exline was aware of Roberts involvement in the Jenkins v. White Castle lawsuit, as shown by her email statement which reads in part: "She is involved with the Jimmy Jenkins class action lawsuit…" in an email dated 12/19/2013, Document WC 3348.

**RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 15:** The separation notice of Plaintiff Roberts reads "poor customer service on 11-30-13", but the separation notice does not list, claim or cite alleged use of profanity by Ms. Roberts.

**RESPONSE:** Admitted in part. Denied in part. Admitted that the separation notice states,

"Poor customer service on 11-30-13" and that the notice does not specifically list use of

profanity by Plaintiff Roberts. Denied that the phrase "[p]oor customer service" could not

include or refer to the use of profanity.

**REQUEST FOR ADMISSION NO. 16:** Defendant wrote in reference to her termination in Plaintiff Roberts employment file that "Candace has already been suspended in this area" (Document WC 003211) and in Interrogatory Answers Defendant claimed "no employees responsive to this Interrogatory who engaged in unprofessional conduct twice, like Plaintiff Roberts did…" (page 10 of Interrogatories) and in Interrogatory Answers Defendant claimed "Plaintiff Roberts was previously suspended for similar conduct that occurred on September 25, 2013…" (page 8 Interrogatories) and in an email Plaintiff Roberts was referred to as "just suspended in October for customer service" (Document WC 0003348).

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 17:** Plaintiff Roberts Reprimand Report for 10/2/13 is not for customer service, nor unprofessional conduct, as shown on Document Wc 000697.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 18:** Defendant lists two prior suspensions on Roberts discharge documents for dates of 10/14/13 and 12/4/13, however neither suspension is documented beyond hand written notes in the "Job Record" for Plaintiff Roberts, Documents WC 003209-3211.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19:** The incident report of the incident leading to the Plaintiff Roberts suspension in October of 2013 produced by Interface Security reads in part: "The Suspects attempted to throw a credit card scanner, the sales computer, and a case of hot chocolate at the employees" as found on Document WC3216.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 20:** In calendar year 2013, for Dolton Illinois White Castle, Defendant received complaints as categorized by Defendant, as reflected on Defendant

COI-221513686v1

documents WC 3303-3338 (complaints listed below do NOT INCLUDING COMPLAINT
Against Plaintiff Roberts dated 11/30/13), as follows:

> Rude manager – 3 complaints
>
> Rude employee – 12 complaints
>
> Store manager unresponsive – 6 complaints
>
> Store manager unprofessional – 3 complaints
>
> Store manager poor service – 3 complaints
>
> Employee use of profanity – 2 complaints

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle admits that it categorized 3
complaints store manager unprofessional and 2 complaints as employee use of profanity in
calendar year 2013, excluding the complaint against Plaintiff Roberts on 11/30/2013.  White
Castle denies that the identified numbers for any other type of complaint is correct.  Further,
White Castle states that it categorized 4 complaints as rude manager, 14 complaints as rude
employee, 7 complaints as store manager unresponsive, and 6 complaints as store manager poor
service in calendar year 2013, excluding the complaint against Plaintiff Roberts on 11/30/2013.


**REQUEST FOR ADMISSION NO. 21:**  In calendar year 2013, for Dolton Illinois White
Castle, Defendant received complaints, as categorized by Defendant and as reflected on
Defendant documents WC 3303-3338 (NOT INCLUDING COMPLAINT Against Plaintiff
Roberts dated 11/30/13), as follows:

> Rude manager – 3 complaints
>
> Rude employee – 12 complaints
>
> Store manager unresponsive – 6 complaints
>
> Store manager unprofessional – 3 complaints
>
> Store manager poor service – 3 complaints
>
> Employee use of profanity – 2 complaints

AND Defendant issued only four written disciplines as follows: to Loreisa H. (WC 0003345), Jason H. (WC 0003343), and Christopher H. (WC 003344) Treashon S. (WC 003346) for all these complaints in 2013.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it categorized 3 complaints as store manager unprofessional and 2 complaints as employee use of profanity in calendar year 2013, excluding the complaint against Plaintiff Roberts on 11/30/2013. White Castle denies that the identified numbers for any other type of complaint is correct. Further, White Castle states that it categorized 4 complaints as rude manager, 14 complaints as rude employee, 7 complaints as store manager unresponsive, and 6 complaints as store manager poor service in calendar year 2013, excluding the complaint against Plaintiff Roberts on 11/30/2013. White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013 and interviewed Stacey Belton. Following this reasonable inquiry, White Castle denies that only four written disciplines issued for customer complaints in 2013; in addition, Eric Townsend was suspended following a customer complaint (WC-0004779).

**REQUEST FOR ADMISSION NO. 22:** In calendar year 2012, for Dolton Illinois White Castle, Defendant received complaints as categorized by Defendant, as reflected on Defendant documents WC 3261-3302, as follows:

Rude manager – 5 complaints

Rude employee – 9 complaints

Store manager unresponsive – 1 complaint

Store manager unprofessional – 2 complaints

7

Store manager poor service –4 complaints

**RESPONSE:** Admitted in part. Denied in part. White Castle admits that it categorized 5 complaints as rude manager, 1 complaint as store manager unresponsive, 2 complaints as store manager unprofessional, and 4 complaints as store manager poor service in calendar year 2012. White Castle denies that the identified numbers for any other type of complaint is correct. White Castle further states that 10 complaints were categorized as rude employee in calendar year 2012.

**REQUEST FOR ADMISSION NO. 23:** In calendar year 2012, for Dolton Illinois White Castle, Defendant received complaints as categorized by Defendant, as reflected on Defendant documents WC 3261-3302, as follows:

Rude manager – 5 complaints

Rude employee – 9 complaints

Store manager unresponsive – 1 complaint

Store manager unprofessional – 2 complaints

Store manager poor service –4 complaints

AND Defendant issued only one written disciplines to Lorraine R. per document WC 3339 for all these complaints in 2012.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it categorized 5 complaints as rude manager, 1 complaint as store manager unresponsive, 2 complaints as store manager unprofessional, and 4 complaints as store manager poor service in calendar year 2012. White Castle denies that the identified numbers for any other type of complaint is correct. White Castle

8

further states that 10 complaints were categorized as rude employee in calendar year 2012.

White Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2012. Following this reasonable inquiry, White Castle denies that it only issued one

written discipline to Lorraine R. per document WC 3339 for all these complaints in 2012; in

addition, White Castle suspended Loreisa Harper for a customer complaint in 2012 (WC-

0005458), and suspended Shanise Smith for a customer complaint in 2012 (WC-0004219).


**REQUEST FOR ADMISSION NO. 24:**  In calendar year 2011, for Dolton Illinois White
Castle, Defendant received complaints as categorized by Defendant, as reflected on Defendant
documents WC 3221-3235 as follows:

> Rude manager – 4 complaints
>
> Rude employee – 8 complaints
>
> Store manager unresponsive – 4 complaint
>
> Store manager unprofessional – 2 complaints
>
> Store manager poor service –5 complaints
>
> AND Defendant issued no written disciplines in 2011 for any of these complaints.

**RESPONSE:**  Admitted in part. Denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that it categorized 2 complaints as store

manager unprofessional and 5 complaints as store manager poor service in calendar year 2011.

It denies that number of complaints identified for any of the other categories in 2011 is correct.

Further, White Castle states that it categorized 4 complaints as rude manager, 8 complaints as

rude employee, and 4 complaints as store manager unprofessional in calendar year 2011. White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

COI-221513686v1

location in 2011. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written disciplines that specifically identify the complaints identified in

Request for Admission No. 24.

**REQUEST FOR ADMISSION NO. 25:** No employee nor manager was given written
discipline for being "rude" from January 2011 to November 2013.

**RESPONSE:** Denied as written. White Castle objects that the terms "employee," "manager,"

and "written discipline for being 'rude'" are vague and ambiguous. White Castle understands

"employee" to refer to Team Members at the Dolton restaurant and "manager" to refer to Crew

Manager, Assistant General Managers, and General Managers at the Dolton restaurant. White

Castle understands "written discipline for being 'rude'" to refer to Team Member Reprimand

Reports, Team Member Suspension Reports, and Team Member Termination Reports that

specifically state an employee was rude. White Castle states that it reviewed the personnel files

of all employees employed at the Dolton location in 2011-2013. Following this reasonable

inquiry, White Castle denies that that other phrases, such as "demonstrated poor customer

service," could not include or refer to being "rude," but admits that it has no record or knowledge

of any written disciplines that specifically use the word "rude" from January 2011 to November

2013.

**REQUEST FOR ADMISSION NO. 26:** Prior to termination of Plaintiff Roberts in December
of 2013 Defendant issued the following five written disciplines in response to Plaintiff request
for disciplines of employees who were similarly situated to Plaintiff Roberts these five were for
1) violation of the no violence and harassment polices, 2) being "unprofessional" 3) holding
personal conversations and "arguing on the floor while customer was present" 4) holding
personal conversations and "arguing on the floor while customer was present" 5) "for not being
customer focus".

**RESPONSE:** Admitted in part. Denied in part. White Castle admits that it issued disciplines at

the Dolton restaurant for (1) violation of the no violence and harassment policies, (2) being

COI-221513686v1

"unprofessional," (3) holding personal conversations and continuing to "argue on the floor while customer was present," (4) holding personal conversations and continuing to "argue on the floor while customer was present," and (5) "for not being customer focus." White Castle denies that it issued these disciplines in response to Plaintiffs' request for disciplines of employees who were similarly situated to Plaintiff Roberts.

**REQUEST FOR ADMISSION NO. 27:** Defendant claimed in Interrogatory Answers that "Tresashon Smith was suspended for his involvement in the same September 25 incident for which Roberts received her first suspension".

**RESPONSE:** Admitted that Defendant stated in its Response to Interrogatory No. 6 that

"Treashon Smith was suspended for his involvement in the same September 25th incident for

which Roberts received her first suspension."

**REQUEST FOR ADMISSION NO. 28:** Tresashon Smith received a suspension Report dated 10-15-2013 for "violation of the no violence and harassment polices" as found on document WC 3346.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 29:** Plaintiff Roberts was allegedly suspended as listed on WC 0003212 for dates or events of 10/14/2013 and 12/4/2013, but Defendant did not issue a "reprimand report" for these alleged incidents.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 30:** In calendar year 2013 three Dolton employees (other than Plaintiff Roberts) were given written discipline for poor "customer focus".

**RESPONSE:** White Castle objects that the terms "written discipline" and "poor 'customer

focus'" are vague and ambiguous and that defendant interprets this request to ask for Team

Member Reprimand Reports, Team Member Suspension Reports, and Team Member

Termination Reports that specifically state that an employee was "not being customer focus" or

needed to "remain customer focus." Subject to this objection, White Castle admits that at least

three Dolton employees were given written discipline for poor "customer focus." Further White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2011. Following this reasonable inquiry, White Castle admits that three Dolton

employees (other than Plaintiff Roberts) were given written discipline for poor "customer focus."

**REQUEST FOR ADMISSION NO. 31:** In calendar year 2013 one Dolton employee was
given written discipline for not being professional and violation of the no violence and
harassment policy.

**RESPONSE:** White Castle objects that the terms "written discipline" and "not being

professional and violation of the no violence and harassment policy" are vague and ambiguous

and that defendant interprets this request to ask for Team Member Reprimand Reports, Team

Member Suspension Reports, and Team Member Termination Reports that specifically state that

an employee was disciplined for "Violation Of No Violence And Harassment Policies."

Subject to this objection, White Castle admits that at least one Dolton employee was given

written discipline for violation of the no violence and harassment policies. Further, White Castle

states that it reviewed the personnel files of all employees employed at the Dolton location in

2013. Following this reasonable inquiry, White Castle admits that one Dolton employee was

given written discipline that specifically referenced "Violation of No Violence and Harassment

Policies," and "be professional at all times."

**REQUEST FOR ADMISSION NO. 32:** On or around 9/27/12 Manager "Stacy" of White
Castle's Dolton location received a complaint that she was rude to employee in front of
customers, she had made employee cry and kept speaking to her rudely without car or discretion
and White Castle categorized this complaint as "rude manager" as documented on document WC
00003330-00333`.

**RESPONSE:** Denied as written because White Castle did not receive such a complaint on

9/27/2012. White Castle admits that it received a complaint on 9/27/2013 claiming that a

manager named Stacy at the Dolton restaurant was rude to an employee in front of customers, made employees cry, and spoke rudely to a customer without care or discretion. White Castle admits that it categorized this complaint as "Rude Manager" as documented at WC-0003330-3331. Further, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 33:** The only manager working at Dolton Illinois White Castle from 2010 to present time whose first name is "Stacy" is Stacy Belton.

**RESPONSE:** Admitted in part. Denied in part. White Castle admits that the only manager named "Stacy" who was regularly scheduled to work at the Dolton restaurant from 2010 to present was Stacey Belton. White Castle admits that Stacey Belton was the only manager named "Stacy" scheduled to work at the Dolton Restaurant on September 27, 2013. White Castle states its investigation is ongoing, but after a reasonable inquiry, to date the information it knows or can readily obtain is insufficient to enable it to admit or deny whether or not another manager named "Stacy" may have worked temporarily at the Dolton restaurant from 2010 to the present.

**REQUEST FOR ADMISSION NO. 34:** On 9/27/12 Manager "Stacy" of White Castle's Dolton location received a complaint that she was rude to employee in front of customers, made employee cry and kept speaking to her rudely without car or discretion - as documented on document WC 00003330-00333 and Manager "Stacy" did not receive any written discipline, suspension, or termination as a result of this complaint.

**RESPONSE:** Denied as written because White Castle did not receive such a complaint on 9/27/2012. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it received a complaint on 9/27/2013 claiming that a manager named Stacy at the Dolton restaurant was rude to an employee in front of customers, made employees cry, and spoke rudely

13

to a customer without care or discretion. White Castle admits that it categorized this complaint as "Rude Manager," as documented at WC-0003330-3331, and admits that, based on its reasonable search to date of her personnel file, and an interview with Barbie Exline, it does not believe that Stacey Belton received any written discipline, suspension, or termination as a result of this complaint. Further, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 35:** On or around 11/27/13 White Castle received a complaint that a male employee of White Castle's Dolton location was rude, and a Dolton Manager would not speak to the customer, but rather the manager called the police as documented on document number WC 00003335-33336.

**RESPONSE:** Denied as written because the summary in the Request for Admission does not fully and accurately describe the events in question. White Castle admits that it received a complaint on 11/27/2013 claiming that a customer "never received her debit card back from cashier, and when she made cashier aware she said the male employee was rude. Caller stated she went inside the location to speak to manager and manager would not speak to her, but called the police." White Castle admits that this complaint is documented on WC-0003335-3336. Further, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 36:** On or around 11/27/13 White Castle received a complaint that a male employee of White Castle's Dolton location was rude, and a Dolton Manager would not speak to the customer, but rather the manager called the police as documented on document number WC 00003335-33336 and Defendant White Castle categorized the complaint as follows: "rude employee" and "rude manager".

**RESPONSE:** Denied as written because the summary in the Request for Admission does not fully and accurately describe the events in question. White Castle admits that it received a

complaint on 11/27/2013 claiming that a customer "never received her debit card back from cashier, and when she made cashier aware she said the male employee was rude. Caller stated she went inside the location to speak to manager and manager would not speak to her, but called the police." White Castle admits that it categorized this complaint as "Rude Employee" and "Rude Manager" and that this complaint is documented on WC-0003335-3336. Further, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 37:** On or around 11/27/13 White Castle received a complaint that a male Dolton was rude, and a Dolton Manager would not speak to the customer, but rather the manager called the police as documented on document number WC 3335-33336 and Defendant White Castle categorized the complaint as follows: "rude employee" and "rude manager" and neither the employee nor the manager nor any Dolton employee received any written discipline, suspension, nor termination for the complaint dated 11/27/13.

**RESPONSE:** Denied as written because the summary in the Request for Admission does not fully and accurately describe the events in question. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it received a complaint on 11/27/2013 claiming that a customer "never received her debit card back from cashier, and when she made cashier aware she said the male employee was rude. Caller stated she went inside the location to speak to manager and manager would not speak to her, but called the police." White Castle admits that it categorized this complaint as "Rude Employee" and "Rude Manager" and that this complaint is documented on WC-0003335-3336. White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written

15

discipline, suspension, nor termination specifically identifying the complaint dated 11/27/13.

Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 38:**  On or around 10/21/13 White Castle received a complaint that a female Africa-American employee of the Dolton White Castle location had ignored the customer, and the customer found the employee's non-response was rude.

**RESPONSE:**  Denied as written because White Castle did not receive such a complaint on

10/21/2013 and the summarized complaint is incomplete.  White Castle objects that the term

"written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports.  Subject to this objection, White Castle admits that it received a complaint on

11/21/2013 that a female African-American employee at the Dolton restaurant had ignored a

customer and was unresponsive and the customer found that behavior to be rude.  Further, White

Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are

documents produced in the regular course of business by White Castle and that these documents

speak for themselves.

**REQUEST FOR ADMISSION NO. 39:**  On or around 10/21/13 White Castle received a complaint about a female Africa-American employee ignored the customer, and the customer found the employee's non-response was rude as documented on document Number WC 00003335, and that employee nor any employee at Dolton received any written discipline, suspension, nor termination for the complaint dated 10/21/13.

**RESPONSE:**  Denied as written because White Castle did not receive such a complaint on

10/21/2013 and the summarized complaint is incomplete.  White Castle objects that the term

"written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

16

Reports. Subject to this objection, White Castle admits that it received a complaint on

11/21/2013 that a female African-American employee at the Dolton restaurant had ignored a

customer and was unresponsive and the customer found that behavior to be rude. Further, White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

complaint dated 10/21/13. Additionally, White Castle states that its Customer Incident

Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular

course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 40:** On or around 10/10/13 white castle received a
customer complaint that a female crew member of White Castle's Dolton location with employee
number 9713 had a poor attitude and White Castle categorized this complaint as "rude employee
– unfriendly" as documented on Document Number WC 00003334 and that employee nor any
employee at Dolton received any written discipline, suspension, nor termination for the
complaint dated 10/10/13.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 10/10/2013 it received a

complaint that a female crew member of White Castle's Dolton restaurant with employee

number 9713 had a poor attitude and White Castle categorized this complaint as "Rude

Employee – Unfriendly" as documented on Document Number WC 00003334. White Castle

states that it reviewed the personnel files of all employees employed at the Dolton location in

2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge

of any written discipline, suspension, or termination specifically identifying the complaint dated

10/10/13. Additionally, White Castle states that its Customer Incident Summaries, produced at

COI-221513686v1

WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 41:** On or around 10/26/13 white castle received a customer complaint that a female drive thru attendant of White Castle's Dolton location response to the customer's complaint was made "with attitude", which the customer considered rude and White Castle categorized this complaint as "rude employee" as documented at WC 0000033333.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 42:** On or around 10/26/13 white castle received a customer complaint that a female drive thru attendant of White Castle's Dolton location response to the customer's complaint was made "with attitude", which the customer considered rude and White Castle categorized this complaint as "rude employee" as documented at WC 000003333 and no employee at the Dolton location received any written discipline, suspension or termination.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 10/26/2013 it received a complaint that the response of a female drive thru attendant of White Castle's Dolton restaurant to the customer's complaint was made "with attitude", which the customer considered rude and White Castle categorized this complaint as "Rude Employee" as documented at WC-00033333. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 10/26/13. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 43:** On or around 8/12/13 white castle received a customer complaint that an employee of White Castle's Dolton location was using profanity and arguing with other employees and White Castle categorized this complaint as "rude employee-unfriendly" and "profanity used by employee" as documented at WC 000003323 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 8/12/13.

**RESPONSE:** Denied as written because the referenced complaint referred to "employees" not

"an employee." White Castle objects that the term "written discipline" is vague and ambiguous

and Defendant interprets it to mean Team Member Reprimand Reports, Team Member

Suspension Reports, and Team Member Termination Reports. Subject to this objection, White

Castle admits that on 8/12/2013 it received a complaint that employees of White Castle's Dolton

restaurant were using profanity and arguing with other employees. White Castle admits that it

categorized this complaint as "Rude Employee-Unfriendly" and "Profanity Used By Employee"

as documented at WC-0003323. Further, White Castle states that it reviewed the personnel files

of all employees employed at the Dolton location in 2013. Following this reasonable inquiry,

White Castle admits that it has no record or knowledge of any written discipline, suspension, or

termination specifically identifying the complaint dated 8/12/13. Additionally, White Castle

states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are

documents produced in the regular course of business by White Castle and that these documents

speak for themselves.

**REQUEST FOR ADMISSION NO. 44:** On or around 8/7/13 white castle received a customer complaint that an employee of White Castle's Dolton location argued with her about the order, that the employee "talked about her" and called out her name and White Castle categorized this complaint as "profanity used by employee" as documented at WC 000003322 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 8/7/13.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 8/7/2013 it received a complaint

than an employee at the Dolton restaurant "was talking" about a customer and called out her

name. White Castle admits that it categorized this complaint as "profanity used by employee" as

documented at WC-0003322. Further, White Castle states that it reviewed the personnel files of

all employees employed at the Dolton location in 2013. Following this reasonable inquiry,

White Castle admits that it has no record or knowledge of any written discipline, suspension, or

termination specifically identifying the complaint dated 8/7/13. Additionally, White Castle

states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are

documents produced in the regular course of business by White Castle and that these documents

speak for themselves.

**REQUEST FOR ADMISSION NO. 45:** On or around 7/26/13 white castle received a
customer complaint that a female manager of White Castle's Dolton location ignored a follow-up
question and White Castle categorized this complaint as "unresponsive" as documented at WC
000003321 and no employee at the Dolton location received any written discipline, suspension
or termination for the complaint dated 7/26/13.

**RESPONSE:** Denied as written because White Castle did not receive such a complaint on

7/26/2013. White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits

that on 7/29/2013 it received a complaint that a female manager of the Dolton restaurant ignored

a follow-up question and White Castle categorized this complaint as "unresponsive" as

documented at WC-0003321. Further, White Castle states that it reviewed the personnel files of

all employees employed at the Dolton location in 2013. Following this reasonable inquiry,

White Castle admits that it has no record or knowledge of any written discipline, suspension, or

20

termination specifically identifying the complaint 7/29/13. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 46:** Failing to respond to a customer question could be considered rude.

**RESPONSE:** Admitted in part. Denied in part. Defendant objects that the term "could be considered rude" is vague and ambiguous. Subject to this objection, White Castle admits that, under certain circumstances, failing to respond to a customer question could be considered rude. White Castle denies that failing to respond a customer question is always rude.

**REQUEST FOR ADMISSION NO. 47:** On or around 6/3/13 white castle received a customer complaint that a female employee of White Castle's Dolton location threw a bag on the counter and White Castle categorized this complaint as "other rude employee" as documented at WC 000003317 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 6/3/13.

**RESPONSE:** Denied as written because the summary does not fully reflect the nuances of the referenced complaint found at WC-0003317. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 6/3/2013 it received a complaint that a female employee of the Dolton restaurant threw a bag of fries on the counter. White Castle admits that it categorized this complaint as "other rude employee" as documented at WC-0003317. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 6/3/13. Additionally, White Castle states that its

Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 48:**  On or around 5/26/13 white castle received a customer complaint that a female crew member named "Britany" of White Castle's Dolton location laughed when she realized that the customer was a female, which the customer found to be rude and unprofessional and White Castle categorized this complaint as "unprofessional behavior employee" as documented at WC 000003316 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/26/13.

**RESPONSE:**  Denied as written because White Castle received no such complaint on 5/26/2013.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that on 5/27/2013 it received a complaint that a female crew member named "Britany" of White Castle's Dolton restaurant laughed when she realized that the customer was a female, which the customer found to be rude and unprofessional.  White Castle admits that it categorized this complaint as "Unprofessional Behavior" as documented at WC-0003316.  Further White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013, including the personnel file of the one employee named *Brittany* who worked at the Dolton restaurant during this time period.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination issed to Brittany or any other employee specifically identifying the complaint dated 5/27/13.  Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

22

**REQUEST FOR ADMISSION NO. 49:**  On or around 5/26/13 white castle received a customer complaint that a female crew member of White Castle's Dolton location laughed when she realized that the customer was a female, a male manager took over and defended the female crew member and White Castle categorized this complaint about the manager as "poor service" and about the employee as "rude employee- unprofessional behavior" as documented at WC 000003316 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/26/13.

**RESPONSE:**  Denied as written because White Castle received no such complaint on

5/26/2013.  White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits

that on 5/27/2013 it received a complaint that a female crew member of White Castle's Dolton

restaurant laughed when she realized that the customer was a female, which the customer found

to be rude and unprofessional.  White Castle further admits that the customer stated that the male

manager who took over the situation "seemed to be defending" the crew member.  White Castle

admits that it categorized this complaint as "Poor Service" and "Rude Employee-Unprofessional

Behavior" as document on WC-0003316.  Further, White Castle states that it reviewed the

personnel files of all employees employed at the Dolton location in 2013.  Following this

reasonable inquiry, White Castle admits that it has no record or knowledge of any written

discipline, suspension, or termination specifically identifying the complaint dated 5/27/13.

Additionally, White Castle states that its Customer Incident Summaries, produced at WC-

0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

COI-221513686v1

**REQUEST FOR ADMISSION NO. 50:**  On or around 5/24/13 white castle received a customer complaint that a male manager of White Castle's Dolton location was talking on the phone while preparing food and White Castle categorized this complaint about the manager as "unprofessional" as documented at WC 000003316 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/24/13.

**RESPONSE:**   Admitted in part.  Denied in part.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that on 5/24/2013 it received a complaint that a male manager of White Castle's Dolton location was talking on the phone while preparing food and White Castle categorized this complaint about the manager as "Unprofessional" as documented at WC-003316.  Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 5/24/13.  Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 51:**  On or around 5/14/13 white castle received a customer complaint that a cashier of White Castle's Dolton location was rude and rushed her order and spoke unprofessionally and suggested the customer was trying to get free food and White Castle categorized this complaint about the employee as "rude employee" as documented at WC 000003314-3315 and no employee at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/14/13.

**RESPONSE:**  Denied as written because White Castle received no such complaint on 5/14/2013.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits

24

that on 5/15/2013 it received a complaint that a cashier of White Castle's Dolton location was rude, rushed her order, spoke unprofessionally, and suggested the customer was trying to get free food, and White Castle categorized this complaint about the employee as "Rude Employee" as documented at WC-0003314-3315. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 5/15/13. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 52:** On or around 5/14/13 white castle received a customer complaint that a cashier of White Castle's Dolton location was rude and rushed her order and spoke unprofessionally and suggested the customer was trying to get free food, further that the customer asked to speak to a manager, and a female African-American Manager was unresponsive and did not defuse the situation and White Castle categorized this complaint about the manager as " unresponsive" and about the employee as "rude employee-unprofessional behavior" as documented at WC000003314-3315 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/14/13.

**RESPONSE:** Denied as written because White Castle received no such complaint on 5/14/2013. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 5/15/2013 it received a complaint that a cashier of White Castle's Dolton restaurant was rude, rushed her order, spoke unprofessionally, and suggested the customer was trying to get free food. White Castle admits that the customer stated that a female African-American Manager was unresponsive and did not defuse the situation. White Castle admits that it categorized the

complaint about the employee as "Rude Employee" and the complaint about the manager as

"unresponsive" as documented at WC-0003314-3315. Further, White Castle states that it

reviewed the personnel files of all employees employed at the Dolton location in 2013.

Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any

written discipline, suspension, or termination specifically identifying the complaint dated

5/15/13. Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 53:** On or around 5/11/13 white castle received a
customer complaint that Manager Lorraine Rozzeli of White Castle's Dolton location was not
apologetic nor helpful and White Castle categorized this complaint about the manager as
"manager unresponsive" as documented at WC 000003313-3314 and no employee nor no
manager at the Dolton location received any written discipline, suspension or termination for the
complaint dated 5/11/13.

**RESPONSE:** Denied as written because White Castle received no such complaint on

5/11/2013. White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits

that on 5/12/2013 it received a complaint that manager Lorraine Rozzeli of White Castle's

Dolton restaurant was not apologetic or helpful and that it categorized this complaint as

"Manager Unresponsive" as documented at WC-0003313-3314. Defendant admits that, based

on its investigation to date, including a review of her personnel file, it believes that Lorraine

Rozelle did not receive written discipline for the referenced complaint. Further, White Castle

states that it reviewed the personnel files of all employees employed at the Dolton location in

2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge

of any written discipline, suspension, or termination specifically identifying the referenced

26

complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 54:** On or around 3/13/13 white castle received a customer complaint that a female employee of White Castle's Dolton location treated her was a rude attitude, in response to a complaint that employees were scoping hot chocolate mix with bare hands and White Castle categorized this complaint as "rude employee" as documented at WC 000003307 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 3/13/13.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 3/13/2013 it received a complaint that a female employee of White Castle's Dolton restaurant treated the customer with a rude attitude in response to a complaint that employees were scooping hot chocolate mix with bare hands. White Castle admits that it categorized this complaint as "Rude Employee" as documented WC-0003307. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 3/13/13. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 55:** On or around 2/25/13 white castle received a customer complaint that a female manager of White Castle's Dolton location had did not speak to the customer, the customer felt this was rude and White Castle categorized this complaint about the manager as "Rude manager" as documented at WC 000003306 and no employee nor

27

no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 2/25/13.

**RESPONSE:**  Denied as written because White Castle received no such complaint on

2/25/2013.  White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits

that on 2/26/2013 it received a complaint that a female manager of White Castle's Dolton

restaurant did not speak to the customer and the customer felt this was rude.  White Castle admits

that it categorized this complaint as "Rude Manager" as documented at WC-0003306.  Further,

White Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2013.  Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

complaint dated 2/26/13.  Additionally, White Castle states that its Customer Incident

Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular

course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 56:**  On or around 1/21/13 white castle received a customer complaint that manager "Shelia" of White Castle's Dolton location spoke to him in a rude manner to the customer during a phone call and White Castle categorized this complaint about the manager as "Rude manager" as documented at WC 000003303-0003304 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 1/21/13.

**RESPONSE:**  Denied as written because White Castle received no such complaint on

1/21/2013.  White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits

that on 1/22/2013 it received a complaint that manager "Sheila" of White Castle's Dolton

restaurant spoke to him in a rude manner during a phone call, and White Castle categorized this complaint about the manager as "Rude Manager" as documented at WC-0003303. Further White Castle states that it has made a reasonable inquiry and, based on its information to date, admits that it identified no employee named Sheila who worked at the Dolton restaurant during the time in question. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 1/22/13. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 57:** On or around 12/28/12 white castle received a customer complaint that an employee of White Castle's Dolton location spoke rudely while being provided service in the drive-thru as documented at WC 000003301 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 12/28/12.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it received a complaint on 12/28/2012 that an employee of White Castle's Dolton restaurant spoke rudely while being provided service in the drive-thru as documented at WC-0003301. White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle denies that no employee received any written discipline, suspension or termination for the referenced complaint, as it believes the suspensions

issued to Loreisa Harper (WC-0005458) and Shanise Smith (WC-0004219) are related to the

referenced complaint.  Additionally, White Castle states that its Customer Incident Summaries,

produced at WC-0003221-WC-0003338, are documents produced in the regular course of

business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 58:**  On or around 12/28/12 white castle received a
customer complaint that an employee of White Castle's Dolton location spoke rudely while
being provided service in the drive-thru, Further that the customer also complained that the
female manager refused to provide her name, was argumentative, and slammed the drive-thru
window and the customer felt the manager was rude as documented at WC 000003301 and no
employee nor no manager at the Dolton location received any written discipline, suspension or
termination for the complaint dated 12/28/12.

**RESPONSE:**    Admitted in part, denied in part.  White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports.  Subject to this objection, White Castle admits that it received a complaint on

12/28/2012 that an employee of White Castle's Dolton restaurant spoke rudely while being

provided service in the drive-thru, that the customer also complained that the female manager

refused to provide her name, was argumentative, and slammed the drive-thru window, and that

the customer felt the manager was rude.  White Castle admits that it documented these

complaints as evidenced by WC-0003301.  Further, White Castle states that it reviewed the

personnel files of all employees employed at the Dolton location in 2012.  Following this

reasonable inquiry, White Castle denies that no employee received any written discipline,

suspension or termination for the referenced complaint, as it believes the suspensions issued to

Loreisa Harper (WC-0005458) and Shanise Smith (WC-0004219) are related to the referenced

complaint.  Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 59:** The complaint of 12/28/12 as documented on WC 00003301 was categorized as "rude manager" and no manager received any written discipline, suspension or termination for the complaint of 12/28/12.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it categorized the complaint identified in Request For Admission No. 58 as "Rude Manager" as documented at WC-0003301. Further, . White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle denies that no employee received any written discipline, suspension or termination for the referenced complaint, as it believes the suspensions issued to Loreisa Harper (WC-0005458) and Shanise Smith (WC-0004219) are related to the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 60:** On or around 9/22/12 white castle received a customer complaint that an employee of White Castle's Dolton location had bad attitude and did not greet her, and the Manager interrupted continuously while taking the order and Defendant categorized the complaint as "rude employee" and "Manager poor service" as documented on Document WC 000003295 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 9/22/12.

**RESPONSE:** Denied as written because the referenced complaint, found at WC-0003295, refers to multiple employees, not a single employee. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 9/22/2012 it received a complaint

that crew members at White Castle's Dolton restaurant had bad attitudes and did not greet her.

White Castle admits that the customer also complained that the manager interrupted continuously

while the employee was taking orders, and that White Castle categorized these complaints as

"Rude Employee" and "Manager Poor Service" as documented at WC-0003295. Further, White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

referenced complaint. Additionally, White Castle states that its Customer Incident Summaries,

produced at WC-0003221-WC-0003338, are documents produced in the regular course of

business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 61:** On or around 8/24/12 white castle received a
customer complaint that an employee of White Castle's Dolton location was unhelpful on a
complaint and Defendant categorized the complaint as "rude employee" as documented on
Document WC 000003300-3301 and no employee nor no manager at the Dolton location
received any written discipline, suspension or termination for the complaint dated 8/24/12.

**RESPONSE:** Admitted in part, denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 8/24/2012 it received a customer

complaint that employees of its Dolton restaurant were unhelpful and that Defendant categorized

this complaint as "Rude Employee" as documented at WC-0003300-3301. Further, White Castle

states that it reviewed the personnel files of all employees employed at the Dolton location in

2012. Following this reasonable inquiry, White Castle admits that it has no record or knowledge

COI-221513686v1

of any written discipline, suspension, or termination specifically identifying the complaint dated

8/24/12. Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 62:** On or around 8/22/12 white castle received a
customer complaint that a manager of White Castle's Dolton location talked to her co-workers
and on a cell phone and when the manager addressed the long wait for food, the manager did not
apologize and Defendant categorized the complaint as "manager unprofessional " and "manager
unresponsive" as documented on Document WC 00000 and no employee nor no manager at the
Dolton location received any written discipline, suspension or termination for the complaint
dated 8/22/12.

**RESPONSE:** Denied as written because the referenced complaint does not reflect that the

"manager addressed the long wait for food" and the complaint is located at WC-0003720-3721,

not WC 00000. White Castle objects that the term "written discipline" is vague and ambiguous

and Defendant interprets it to mean Team Member Reprimand Reports, Team Member

Suspension Reports, and Team Member Termination Reports. Subject to this objection, White

Castle admits that on 4/22/2012 it received a complaint that a manager of its Dolton restaurant

talked to her co-workers and on a cell phone, and when the customer addressed the long wait for

food, the manager did not apologize. White Castle admits that it categorized this complaint as

"Manager Unprofessional" and "Manager Unresponsive" as documented at WC-0003720-3721.

Further, White Castle states that it reviewed the personnel files of all employees employed at the

Dolton location in 2013. Following this reasonable inquiry, White Castle admits that it has no

record or knowledge of any written discipline, suspension, or termination specifically identifying

the complaint dated 4/22/12. Additionally, White Castle states that its Customer Incident

Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular

course of business by White Castle and that these documents speak for themselves.

33

**REQUEST FOR ADMISSION NO. 63:**  On or around 8/16/12 white castle received a customer complaint that manager Candice Roberts of White Castle's Dolton location spoke in a rude manner and Defendant categorized the complaint as "manager Rude" as documented on Document WC 000003290-3291 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 8/16/12.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that on 8/16/2012 it received a complaint that manager Candace spoke to a customer in a rude manner and that White Castle categorized this complaint as "Manager Rude" as documented at WC-0003290-3291.  Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 8/16/12.   Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 64:**  When White Castle received the complaint against Candace Roberts of White Castle's Dolton location for being a rude manager, Ms Roberts, as of 8/16/12, had not complained about her wages, filed a FLSA consent, joined the Jenkins v White Castle case, nor been deposed in Jenkins v White Castle.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle admits that when it received the August 16, 2012 complaint against Plaintiff Roberts, Plaintiff Roberts had not filed an FLSA consent, joined the Jenkins v. White Castle litigation, or been deposed in Jenkins v. White Castle.  White Castle states that it has no knowledge of whether or not Plaintiff had complained about her wages as of August 16, 2012, and therefore can neither admit nor deny the same.

COI-221513686v1

**REQUEST FOR ADMISSION NO. 65:** On or around 7/28/12 white castle received a customer complaint that the female drive-thru employee of White Castle's Dolton location was rude, and that the employees were 'playing around' and a male employee was not wearing a uniform, and Defendant categorized the complaint as "employee Rude" as documented on Document WC 000003285 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 7/28/12.

**RESPONSE:** Denied as written because White Castle did not categorize the complaint as

"employee Rude." White Castle objects that the term "written discipline" is vague and

ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team

Member Suspension Reports, and Team Member Termination Reports. Subject to this objection,

White Castle admits that on 7/28/2012 it received a complaint that a female drive-thru employee

at White Castle's Dolton restaurant was rude, that employees were "playing around" and that a

male employee was not wearing a uniform. White Castle admits that it categorized this

complaint as "Rude Employee" as documented at WC-0003285. Further, White Castle states

that it reviewed the personnel files of all employees employed at the Dolton location in 2012.

Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any

written discipline, suspension, or termination specifically identifying the complaint dated

1/22/13. Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 66:** On or around 7/7/12 white castle received a customer complaint that an employee of White Castle's Dolton location was very rude and Defendant categorized the complaint as "employee Rude" as documented on Document WC 000003282-3283 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 7/7/12.

**RESPONSE:** Denied as written because White Castle was unable to identify a similar

complaint at WC-0003283. White Castle objects that the term "written discipline" is vague and

ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team

Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that on 7/7/2012 it received a customer complaint that an employee at White Castle's Dolton restaurant was very rude and that White Castle categorized the complaint as "Rude Employee" as documented at WC-0003281-3282.  Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 7/7/12.  Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 67:**  On or around 7/4/12 white castle received a customer complaint that an manager of White Castle's Dolton location was rude, based on a complaint that the wait of 30 minutes was too long and Defendant categorized the complaint as "Manager Rude" as documented on Document WC 000003281 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 7/4/12.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that on 7/4/2012 it received a complaint that a manager at White Castle's Dolton restaurant was rude following the customer's complaint that waiting 30 minutes was too long.  White Castle admits that it categorized this complaint as "Manager Rude" as documented at WC-0003281.  Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2013.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint dated 7/4/12.

36

Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 68:** On or around 5/14/12 white castle received a customer complaint that an employee of White Castle's Dolton location thrown all food in one take out bag and the customer considered the employee to be rude and Defendant categorized the complaint as "Employee Rude" as documented on Document WC 00003278 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/14/12.

**RESPONSE:** Denied as written because the summary in Request for Admission No. 68 does not fully describe the complaint that is referenced. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 5/14/2012 it received a complaint that an employee of the Dolton restaurant had thrown food all in one take out bag and the customer stated the employee was rude and unhelpful when this was brought to his attention, and that White Castle categorized the complaint as "Rude Employee" as documented at WC-0003278. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

COI-221513686v1

**REQUEST FOR ADMISSION NO. 69:** [Left blank in Plaintiff's First Requests to Admit to Defendant.]

**RESPONSE:** To the extent a response is required to this blank request, the request is denied.

**REQUEST FOR ADMISSION NO. 70:** On or around 5/12/12 white castle received a customer complaint that employee with employee number 9617 of White Castle's Dolton location was unhelpful, further that Manager Leslie was unhelpful because she told customer her she could not compensate her without returning to the Dolton location and Defendant categorized the complaint against the manager as "manager poor service" as documented on Document WC 00003277 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/12/12.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 5/12/2012 it received a complaint that employee number 9617 at the Dolton restaurant was unhelpful, and that manager Leslie was also unhelpful because she told the customer that she could not compensate the customer unless the customer returned to the Dolton restaurant. White Castle admits that it categorized this complaint as "Manager Poor Service" as documented at WC-0003277. Further Defendant denies, based on its information to date that it had a manager named Leslie working at Dolton at the time the complaint was made. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 71:**  On or around 5/10/12 white castle received a customer complaint that male employee of White Castle's Dolton location was not pleasant and offered no apology for the customer's burgers having no pickles and Defendant categorized the complaint against the manager as "Rude employee" as documented on Document WC 000003274-3275 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/2/12.

**RESPONSE:**  Denied as written because White Castle received no such complaint on 5/10/2012

or 5/2/2012.  White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits

that it received a complaint on 6/10/2012 stating that a male employee of the Dolton location was

not pleasant and "was not apologetic" when the customer's burgers had no pickles.  White Castle

admits that it categorized this complaint as "Rude Employee" as documented at WC-0003274-

3275.  Further, White Castle states that it reviewed the personnel files of all employees employed

at the Dolton location in 2012.  Following this reasonable inquiry, White Castle admits that it has

no record or knowledge of any written discipline, suspension, or termination specifically

identifying the referenced complaint.  Additionally, White Castle states that its Customer

Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the

regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 72:**  On or around 3/5/12 white castle received a customer complaint that food was missing from her takeout order, and Manager Leslie of White Castle's Dolton location told the customer that he/she had to return to the Dolton location to receive any correction or compensation, and Defendant categorized the complaint against the manager as "Manager – Poor Service" as documented on Document WC 000003267 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 3/5/12.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

39

Reports. Subject to this objection, White Castle admits that on 3/5/2012 it received a complaint

that food was missing from a customer's take out order at the Dolton restaurant and that manager

Leslie informed the customer that he or she had to return to the restaurant in order to get her

missing food. White Castle admits that it categorized this complaint as "Manager –Poor

Service" as documented at WC-0003267. Defendant denies, based on its information to date,

that it had a manager named Leslie working at Dolton at the time the complaint was made.

Further, White Castle states that it reviewed the personnel files of all employees employed at the

Dolton location in 2012. Following this reasonable inquiry, White Castle admits that it has no

record or knowledge of any written discipline, suspension, or termination specifically identifying

the referenced complaint. Additionally, White Castle states that its Customer Incident

Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular

course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 73:** On or around 3/2/12 white castle received a customer complaint that food cashier using employee number 4513 of White Castle's Dolton location had rushed her order and was unprofessional and rude and Defendant categorized the complaint against the employee as "Rude Employee" as documented on Document WC 000003266-3267 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 3/2/12.

**RESPONSE:** Denied as written because White Castle received no such complaint on 3/2/2012.

White Castle objects that the term "written discipline" is vague and ambiguous and Defendant

interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and

Team Member Termination Reports. Subject to this objection, White Castle admits that on

3/3/2012 it received a complaint that a food cashier using employee number 4513 at the Dolton

restaurant rushed her order, was unprofessional, and was rude. White Castle admits that it

categorized this complaint as "Rude Employee" as documented at WC-0003266-32657. Further,

White Castle states that it reviewed the personnel files of all employees employed at the Dolton

COI-221513686v1

location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

referenced complaint. Additionally, White Castle states that its Customer Incident Summaries,

produced at WC-0003221-WC-0003338, are documents produced in the regular course of

business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 74:** On or around 2/15/12 white castle received a
customer complaint that an African-American manager did not attempt to resolve the situation
and that the manager was unprofessional, in a follow-up phone call on an earlier complaint, and
Defendant categorized the complaint against the employee as "Rude Employee" as documented
on Document WC 00003265 and no employee nor no manager at the Dolton location received
any written discipline, suspension or termination for the complaint dated 2/15/12.

**RESPONSE:** Denied as written because the summary in Request for Admission No. 74 does

not clearly and accurately describe the referenced complaint. White Castle objects that the term

"written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 2/15/2012 it received a complaint

that an African-American manager at the Dolton restaurant did not attempt to resolve a situation

and was unprofessional in relation to a follow-up visit resulting from an earlier complaint. White

Castle admits that it categorized this complaint as "Rude Employee" as documented at WC-

0003265. Further, White Castle states that it reviewed the personnel files of all employees

employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle admits

that it has no record or knowledge of any written discipline, suspension, or termination

specifically identifying the referenced complaint. Additionally, White Castle states that its

Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents

produced in the regular course of business by White Castle and that these documents speak for

themselves.

**REQUEST FOR ADMISSION NO. 75:** On or around 2/15/12 white castle received a customer complaint that an employee by the name Linda had a bad attitude and Defendant categorized the complaint against the employee as "Rude Employee" as documented on Document WC 00003265 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 2/15/12.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 2/15/2012 it received a complaint that an employee named Linda at the Dolton restaurant had a bad attitude and that it categorized this complaint as "Rude Employee" as documented at WC-0003265. Further White Castle states that it has made a reasonable inquiry and admits that, to date, it has identified no employee named Linda who received written discipline for the incident in question. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 76:** On or around 8/25/11 white castle received a customer complaint that manager Sylvia spoke to him in a rude manner, and was defensive regards to issues with another manager Jasmine as documented on Document WC 000003222 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 8/25/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

COI-221513686v1

Reports. Subject to this objection, White Castle admits that on 8/25/2012 it received a complaint

that manager Sylvia spoke to a customer in a rude manner and was defensive concerning an issue

with another manager, Jasmine, as documented at WC-0003222. Defendant admits that, based

on its review to date, it understands Sylvia Anderson and Jasmine Phillips did not receive any

written discipline, suspension, or termination for the referenced complaint. Further, White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2011. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

referenced complaint. Additionally, White Castle states that its Customer Incident Summaries,

produced at WC-0003221-WC-0003338, are documents produced in the regular course of

business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 77:** On or around 1/7/12 white castle received a customer
complaint that a female employee yelled at the customer, complained the employee could not
hear her, and then the same employee slammed the drive-up window in the face of the customer,
and the customer did not say anything to the customer and Defendant categorized the complaint
against the employee as "Rude Employee-unprofessional behavior" as documented on Document
WC 000003261 and no employee nor no manager at the Dolton location received any written
discipline, suspension or termination for the complaint dated 1/7/12.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that on 1/7/2012 it received a complaint

that a female employee at the Dolton restaurant yelled at a customer, that the customer could not

hear the employee, that the employee slammed the drive thru window, and that the employee did

not say anything to the customer. White Castle admits that it categorized this complaint as

"Rude Employee" as documented at WC-0003261. White Castle denies that the complaint stated

that the employee "slammed the drive-up window in the face of the customer." Further, White

Castle states that it reviewed the personnel files of all employees employed at the Dolton

location in 2012. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 78:** On or around 12/18/11 white castle received a
customer complaint that manager Lorraine refused to fulfill a promise to replace an order made
by Manager Sylvia and Defendant categorized the complaint against the employee as "poor
service" as documented on Document WC 000003259-3260 and no employee nor no manager at
the Dolton location received any written discipline, suspension or termination for the complaint
dated 12/18/11.

**RESPONSE:** Denied as written because White Castle received no such complaint on

12/18/2011. White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits

that it received a complaint on 12/21/2011 that manager Lorraine, at its Dolton restaurant refused

to fulfill a promise made by manager Sylvia to replace an order and that it categorized this

complaint as "Poor Service" as documented at WC-0003259. Defendant admits, based on its

investigation to date, including a review of their personnel files, that Sylvia Anderson and

Lorraine Rozelle did not receive any written discipline, suspension, or termination for the

referenced complaint. Further, White Castle states that it reviewed the personnel files of all

employees employed at the Dolton location in 2011. Following this reasonable inquiry, White

Castle admits that it has no record or knowledge of any written discipline, suspension, or

termination specifically identifying the referenced complaint. Additionally, White Castle states

that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 79:**  On or around 12/3/11 white castle received a customer complaint that employees were talking o their phones and ignoring customers and Defendant categorized the complaint against the employee as "rude employee" as documented on Document WC 00003258 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 12/3/11.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports.  Subject to this objection, White Castle admits that it received a complaint on 12/3/11 that employees at its Dolton restaurant were talking on their phones and ignoring customers. White Castle admits that it categorized the complaint as "Rude Employee" as documented at WC-0003258.  Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2011.  Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the referenced complaint.  Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

45

**REQUEST FOR ADMISSION NO. 80:** On or around 12/1/11 white castle received a customer complaint that Manager Jimmy was unprofessional and Defendant categorized the complaint against the employee as "unprofessional" as documented on Document WC 000003257-3258 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 12/1/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it received a complaint on 12/1/2011 that manager Jimmy, at the Dolton restaurant, was unprofessional and that White Castle categorized the complaint as "Unprofessional" as documented at WC-0003257-3258. Defendant denies that Jimmy Jenkins did not receive any discipline for the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 81:** On or around 11/30/11 white castle received a customer complaint that a female crew member with employee number 9629 had a very poor attitude as documented on Document WC 000003257 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 11/30/11.

**RESPONSE:** Denied as written because White Castle received no such complaint on 11/30/2011. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that it received a complaint on 12/1/2011 that a female crew member at the Dolton restaurant with employee number 9629 had a very poor attitude, as documented at WC-0003257. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton

46

location in 2011. Following this reasonable inquiry, White Castle admits that it has no record or

knowledge of any written discipline, suspension, or termination specifically identifying the

referenced complaint. Additionally, White Castle states that its Customer Incident Summaries,

produced at WC-0003221-WC-0003338, are documents produced in the regular course of

business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 82:** On or around 10/31/11 white castle received a
customer complaint that employee and a manager were arguing which the customer felt was
unprofessional and Defendant categorized the complaint against the employee as "rude
employee" and unprofessional behavior as documented on Document WC 00003253-3254 and
no employee nor no manager at the Dolton location received any written discipline, suspension
or termination for the complaint dated 10/31/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports. Subject to this objection, White Castle admits that it received a complaint on

10/31/2011 stating that an employee and manager at its Dolton restaurant were arguing, which

the customer felt was unprofessional. White Castle admits that it categorized this complaint as

"Rude Employee" and "Unprofessional Behavior" as documented at WC-0003253-3254.

Further, White Castle states that it reviewed the personnel files of all employees employed at the

Dolton location in 2011. Following this reasonable inquiry, White Castle admits that it has no

record or knowledge of any written discipline, suspension, or termination specifically identifying

the referenced complaint. Additionally, White Castle states that its Customer Incident

Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular

course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 83:** On or around 10/28/11 white castle received a
customer complaint that employee Linda was very rude and argumentative and Defendant
categorized the complaint against the employee as "rude employee" as documented on

Document WC 00003253 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 10/28/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 10/28/2011 it received a customer complaint stating that Linda, an employee at its Dolton restaurant, was very rude and argumentative, and that White Castle categorized this complaint as "Rude Employee" as documented at WC-0003253. Further White Castle states that it has made a reasonable inquiry and admits that, based on its investigation to date, it identified no employee named Linda who received written discipline for the incident in question. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2011. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 84:** On or around 10/15/11 white castle received a customer complaint that Manager Candace was rude and argumentative and Defendant categorized the complaint against the employee as "rude manager" as documented on Document WC 00003251 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 10/15/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 10/15/2011 it received a

customer complaint that Candace, a manager at its Dolton restaurant, was rude and argumentative and that White Castle categorized this complaint as "Rude Manager" as documented at WC-0003251. Defendant admits that Candice Roberts did not receive any written discipline, suspension, or termination for the referenced complaint. Further, White Castle states that it reviewed the personnel files of all employees employed at the Dolton location in 2011. Following this reasonable inquiry, White Castle admits that it has no record or knowledge of any written discipline, suspension, or termination specifically identifying the referenced complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 85:** On or around 9/3/11 white castle received a customer complaint that a female cashier walked away while customer was ordering, was not friendly, not helpful, not greeted the customer, did not take the full order, and the bad service was racially motivated, further that three members did not apologize and Defendant categorized the complaint against the employee as "rude employee" as documented on Document WC 00003248 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 9/3/11.

**RESPONSE:** Admitted in part. Denied in part. White Castle objects that the term "written discipline" is vague and ambiguous and Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits that on 9/3/2011 it received a complaint that a female cashier provided poor service because she walked away while taking the customer's order, and that crew members were not friendly or helpful, he was not greeted, he had to have portions of his order corrected, and the crew members did not apologize for the wait or their mistakes. White Castle admits that it categorized this complaint as "Rude Employee" as documented at WC-0003248. White Castle denies that the complaint ever referred to "three

members." Further, White Castle states that it reviewed the personnel files of all employees

employed at the Dolton location in 2011. Following this reasonable inquiry, White Castle admits

that it has no record or knowledge of any written discipline, suspension, or termination

specifically identifying the referenced complaint. Additionally, White Castle states that its

Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents

produced in the regular course of business by White Castle and that these documents speak for

themselves.

**REQUEST FOR ADMISSION NO. 86:** On or around 6/23/11 white castle received a
customer complaint that a manager becaome argumentative and refused to replace burgers and
refused to give a full refund and Defendant categorized the complaint against the employee as
"rude manager" as documented on Document WC 00003246-3247 and no employee nor no
manager at the Dolton location received any written discipline, suspension or termination for the
complaint dated 6/23/11.

**RESPONSE:** Denied as written because White Castle received no such complaint on

6/23/2011. White Castle objects that the term "written discipline" is vague and ambiguous and

Defendant interprets it to mean Team Member Reprimand Reports, Team Member Suspension

Reports, and Team Member Termination Reports. Subject to this objection, White Castle admits

that on 8/12/11 it received a complaint that a manager at its Dolton restaurant became

argumentative and refused to replace burgers or give a full refund after a customer attempted to

return only seven sliders of a 10 slider order. White Castle admits that it categorized the

complaint as "Rude Manager" as documented at WC-0003246-3247. Further, White Castle

states that it reviewed the personnel files of all employees employed at the Dolton location in

2011. Following this reasonable inquiry, White Castle admits that it has no record or knowledge

of any written discipline, suspension, or termination specifically identifying the referenced

complaint. Additionally, White Castle states that its Customer Incident Summaries, produced at

WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 87:** On or around 6/17/11 white castle received a customer complaint that employee Britteny told the customer the manager was 'busy' and Defendant categorized the complaint against the employee as "rude employee" as documented on Document WC 00003239 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 6/17/11.

**RESPONSE:**  Admitted in part.   Denied in part. White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports.  Subject to this objection, White Castle admits that on 6/17/2011 it receive a complaint

that Brittany, an employee at its Dolton restaurant, told a customer that the manager was busy.

White Castle admits that it categorized this complaint as "Rude Employee" as documented at

WC-0003239.  Further, White Castle states that it reviewed the personnel files of all employees

at the Dolton location in 2011, including the one employee named Brittany.  Following this

reasonable inquiry, White Castle admits that it has no record or knowledge of any written

discipline, suspension, or termination specifically identifying the referenced complaint.

Additionally, White Castle states that its Customer Incident Summaries, produced at WC-

0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 88:**  On or around 5/1/11 white castle received a customer complaint that a she was not properly greeted by a male associate and Defendant categorized the complaint against the employee as "poor service" as documented on Document WC 000003232 and 0003233 and no employee nor no manager at the Dolton location received any written discipline, suspension or termination for the complaint dated 5/1/11.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

COI-221513686v1

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports.  Subject to this objection, White Castle admits that on 5/1/2011 it received a complaint

that a customer was not properly greeted by a male employee at its Dolton restaurant.  White

Castle admits that it categorized this complaint as "Poor Service" as documented at WC-

0003232-3233.  Further, White Castle states that it reviewed the personnel files of all employees

employed at the Dolton location in 2011.  Following this reasonable inquiry, White Castle admits

that it has no record or knowledge of any written discipline, suspension, or termination

specifically identifying the complaint.  Additionally, White Castle states that its Customer

Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the

regular course of business by White Castle and that these documents speak for themselves.

**REQUEST FOR ADMISSION NO. 89:**  On or around 2/13/11 white castle received a
customer complaint that a drive thru employee did not speak to the customer and the customer
felt being ignored was rude and Defendant categorized the complaint against the employee as
"rude employee" as documented on Document WC 000003226 and no employee nor no manager
at the Dolton location received any written discipline, suspension or termination for the
complaint dated 2/13/11.

**RESPONSE:**  Admitted in part.  Denied in part.  White Castle objects that the term "written

discipline" is vague and ambiguous and Defendant interprets it to mean Team Member

Reprimand Reports, Team Member Suspension Reports, and Team Member Termination

Reports.  Subject to this objection, White Castle admits that on 2/13/2011 it received a customer

complaint that employees at its Dolton restaurant did not speak to her and she believed the

employees' actions to be rude.  White Castle admits that it categorized this complaint as "Rude

Employee" as documented at WC-0003226.  White Castle denies that the complaint, at any

point, specifically refers to a drive thru employee.  Further, White Castle states that it reviewed

the personnel files of all employees employed at the Dolton location in 2011.  Following this

reasonable inquiry, White Castle admits that it has no record or knowledge of any written

COI-221513686v1

discipline, suspension, or termination specifically identifying the referenced complaint.

Additionally, White Castle states that its Customer Incident Summaries, produced at WC-0003221-WC-0003338, are documents produced in the regular course of business by White

Castle and that these documents speak for themselves.

Dated: December 17, 2014                    Respectfully submitted,

E. Michael Rossman (admitted *pro hac vice*)
Elizabeth L. Dicus (admitted *pro hac vice*)
emrossman@JonesDay.com
eldicus@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
P.O. Box 165017
Columbus, Ohio 43216-5017
(614) 469-3939
(614) 461-4198 (fax)

Jonathan M. Linas (IL No. 6290055)
jlinas@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
(312) 782-3939
(312) 782-8585 (fax)

Attorneys for Defendant
White Castle System, Inc.

53

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I sent Defendant's Second Amended

Responses to Plaintiff's First Request for Admission by via email to:

John C. Ireland
THE LAW OFFICE OF JOHN C. IRELAND
1921 Charles Lane
Aurora, Illinois 60505
attorneyireland@gmail.com

_____
One of the Attorneys for Defendant

54